# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | |
|---|---|
| DALLAS COUNTY HOSPITAL DISTRICT D/B/A PARKLAND HEALTH & HOSPITAL SYSTEM; PALO PINTO COUNTY HOSPITAL DISTRICT A/K/A PALO PINTO GENERAL HOSPITAL; GUADALUPE VALLEY HOSPITAL A/K/A GUADALUPE REGIONAL MEDICAL CENTER; VHS SAN ANTONIO PARTNERS, LLC D/B/A BAPTIST MEDICAL CENTER; VHS SAN ANTONIO PARTNERS, LLC D/B/A MISSION TRAIL BAPTIST HOSPITAL; VHS SAN ANTONIO PARTNERS, LLC D/B/A NORTH CENTRAL BAPTIST HOSPITAL; VHS SAN ANTONIO PARTNERS, LLC D/B/A NORTHEAST BAPTIST HOSPITAL; VHS SAN ANTONIO PARTNERS D/B/A ST. LUKE'S BAPTIST HOSPITAL; NACOGDOCHES MEDICAL CENTER; RESOLUTE HOSPITAL COMPANY, LLC D/B/A RESOLUTE HEALTH; THE HOSPITALS OF PROVIDENCE EAST CAMPUS; THE HOSPITALS OF PROVIDENCE MEMORIAL CAMPUS; THE HOSPITALS OF PROVIDENCE SIERRA CAMPUS; THE HOSPITALS OF PROVIDENCE TRANSMOUNTAIN CAMPUS; VHS BROWNSVILLE HOSPITAL COMPANY, LLC D/B/A VALLEY BAPTIST MEDICAL CENTER BROWNSVILLE; VHS HARLINGEN HOSPITAL COMPANY, LLC D/B/A VALLEY BAPTIST MEDICAL CENTER; ARMC, L.P. D/B/A ABILENE REGIONAL MEDICAL CENTER; COLLEGE STATION HOSPITAL, LP F/K/A COLLEGE STATION MEDICAL CENTER; GRANBURY HOSPITAL CORPORATION D/B/A LAKE GRANBURY MEDICAL CENTER; NAVARRO HOSPITAL, L.P. D/B/A NAVARRO REGIONAL HOSPITAL; BROWNWOOD HOSPITAL, L.P. D/B/A BROWNWOOD REGIONAL MEDICAL CENTER; VICTORIA OF TEXAS, L.P. D/B/A DETAR HOSPITAL NAVARRO; LAREDO TEXAS HOSPITAL COMPANY, L.P. D/B/A LAREDO MEDICAL CENTER; SAN ANGELO | Case No. 4:19-cv-04834<br><br><br><br>**MEMORANDUM IN SUPPORT OF PLAINTIFFS' EMERGENCY MOTION TO REMAND, MOTION FOR EXPEDITED REVIEW, AND MOTION FOR ATTORNEY'S FEES AND COSTS** |

HOSPITAL, L.P. D/B/A SAN ANGELO COMMUNITY MEDICAL CENTER; CEDAR PARK HEALTH SYSTEM, L.P. D/B/A CEDAR PARK REGIONAL MEDICAL CENTER; NHCI OF HILLSBORO, INC. D/B/A HILL REGIONAL HOSPITAL; LONGVIEW MEDICAL CENTER, L.P. D/B/A LONGVIEW REGIONAL MEDICAL CENTER; AND PINEY WOODS HEALTHCARE SYSTEM, L.P. D/B/A WOODLAND HEIGHTS MEDICAL CENTER;

Plaintiffs,

v.

AMNEAL PHARMACEUTICALS; AMNEAL PHARMACEUTICALS, INC.; TEVA PHARMACEUTICALS USA, INC.; CEPHALON, INC.; JOHNSON & JOHNSON; JANSSEN PHARMACEUTICALS, INC.; ORTHO-MCNEIL-JANSSEN PHARMACEUTICALS, INC. N/K/A JANSSEN PHARMACEUTICALS, INC.; JANSEN PHARMACEUTICA, INC. N/K/A JANSSEN PHARMACEUTICALS, INC.; ABBOTT LABORATORIES; ABBOTT LABORATORIES INC.; ASSERTIO THERAPEUTICS, INC. F/K/A DEPOMED, INC.; NORAMCO, INC.; ENDO HEALTH SOLUTIONS INC.; ENDO PHARMACEUTICALS INC.; MALLINCKRODT PLC; MALLINCKRODT LLC; SPECGX LLC; ALLERGAN PLC; WATSON LABORATORIES, INC.; ACTAVIS PHARMA, INC. F/K/A WATSON PHARMA, INC.; ACTAVIS LLC F/K/A ACTAVIS INC.; ANDA, INC.; H. D. SMITH, LLC F/K/A H. D. SMITH WHOLESALE DRUG CO.; HENRY SCHEIN, INC.; AMERISOURCEBERGEN CORPORATION; AMERISOURCEBERGEN DRUG CORPORATION; CARDINAL HEALTH, INC; MCKESSON CORPORATION; CVS HEALTH CORPORATION; CVS PHARMACY, INC.; WALGREEN CO.; WALGREENS BOOTS ALLIANCE, INC.; WALMART INC.; RICHARD ANDREWS, MD; THEODORE OKECHUKU, MD; NICOLAS PADRON, MD; CARLOS LUIS VENEGAS, MD; AND JOHN DOES 1 TO 100.

Defendants

# TABLE OF CONTENTS

I.   INTRODUCTION ................................................................................................................. 1

II.   ARGUMENT ...................................................................................................................... 2

   A.   The Court Should Immediately Remand this Action on a Summary Basis Without Further Briefing, or, at a Minimum, Schedule an Expedited Hearing ..................................................... 2

   B.   The Court Should Not Reward Defendants for Manipulating the Removal Procedure. ......... 7

   C.   There Is No Federal Subject Matter Jurisdiction and This Action Must Be Remanded .......... 9

      1.   The Removal Statute Must be Strictly Construed and All Doubts Should be Resolved Against Removal ........................................................................................................... 9

      2.   There Are No Federal Claims on The Face of The Petition ..................................... 10

      3.   Defendants Fail to Establish Federal Jurisdiction ................................................... 11

   D.   The Court Should Award Plaintiffs Attorney's Fees and Costs Incurred by Responding to this Baseless Removal ........................................................................................................... 19

III.   CONCLUSION ................................................................................................................ 20

# TABLE OF AUTHORITIES

## Cases

*Accord Gunn v. Minton,*
568 U.S. 251 (2013) ....................................................................................... 11, 12, 15, 19

*Accord, e.g., Baker v. Air Liquid Systems, Inc.,*
2011 WL 499963 (S.D. Ill. Feb. 8, 2011) ........................................................................ 7

*Am. Nat. Ins. Co. v. Travelers Cas. & Sur. Co.,*
8 F. Supp. 2d 938 (S.D. Tex. 1998) ................................................................................ 2

*Bd. of Commissioners of Se. Louisiana Flood Prot. Auth.-E. v. Tennessee Gas Pipeline Co., L.L.C.,*
850 F.3d 714 (5th Cir.) ................................................................................................ 17

*Brooke Cty. Comm'n, et al. v. Purdue Pharma L.P., et al.,*
5:18-cv-00009 (N.D.W. Va. Feb. 23, 2018) ................................................................... 7

*Budget Prepay, Inc. v. AT&T Corp.,*
605 F.3d 273 (5th Cir. 2010) ......................................................................................... 18

*Caterpillar Inc. v. Williams,*
482 U.S. 386 (1987) ..................................................................................................... 10

*Christianson v. Colt Industries Operating Corp.,*
486 U.S. 800 (1988) ..................................................................................................... 16

*City of Boston, et al. v. Purdue Pharma L.P., et al.,*
No. 1:18-cv-12174 (D. Mass. Jan. 29, 2019) ................................................................ 4

*City of El Monte, et al. v. Purdue Pharma L.P., et al.,*
Case No. 2:19-cv-03588-JFW-PLA (C.D. Cal. June 18, 2019) ..................................... 4

*City of Granite City, Ill. v. AmerisourceBergen Drug Corp.,*
No. 18-CV-1367 (S.D. Ill. July 13, 2018) .................................................................... 13

*City of Reno v. Purdue Pharma, L.P., et al.,*
2018 WL 5730158 (D. Nev. Nov. 28, 2018) ............................................................. 4, 13

*City of Worcester v. Purdue Pharma L.P., et al,*
No. 4:18-11958-TSH (D. Mass. Nov. 21, 2018) ........................................................ 6, 13

*Commonwealth of Kentucky et al. v. Walgreens Boots Alliance, Inc. et al.,*
No. 1:18-op-46311-DAP (N.D. Ohio Jan. 14, 2019) ................................................... 12

*County of Anderson v. Rite Aid of South Carolina, Inc.,*
No. 8:18-cv-01947 (D.S.C. Aug. 20, 2018) ................................................................... 7

*County of Greenville v. Rite Aid of South Carolina, Inc.,*
No. 6:18-cv-1085 (D.S.C. May 21, 2018) ...................................................................... 7

*County of Kern v. Purdue Pharma L.P., et al.,*
2019 WL 3310668 (E.D. Cal. July 23, 2019) ............................................................. 4, 12

*County of Spartanburg v. Rite Aid of South Carolina, Inc.*,
No. 7:18-cv-01799 (D.S.C. July 27, 2018) .................................................................... 7

*County of Van Zandt v. AmerisourceBergen Corporation et al.*,
No. 6:18-cv-00064 (E.D. Tex. Apr. 16, 2018) ............................................................... 7

*Coury v. Prot*,
85 F.3d 244 (5th Cir. 1996) ............................................................................................ 9

*Craft v. United Insurance Co.*,
2002 WL 32509283 (S.D. Miss. 2002) ......................................................................... 4

*Cty of Galveston v. Purdue Pharma L.P., et al.*,
No. 4:18-cv-04708 (S.D. Tex.) ....................................................................................... 8

*Cty. Bd. of Arlington Cty. v. Purdue Pharma, L.P., et al.*,
No. 1:19-cv-402 (E.D. Va. May 6, 2019) ...................................................................... 4

*Cty. of Anderson v. Rite Aid of S.C., Inc.*,
2018 WL 8800188 (D.S.C. Aug. 20, 2018) .................................................................. 4

*Cty. of Dallas v. Purdue Pharma L.P., et al.*,
3:18-cv-00426-M (N.D. Tex. Mar. 7, 2018) ................................................................. 7

*Cty. of Delta v. Purdue Pharma, L.P., et al.*,
2018 WL 1440485 (E.D. Tex. Mar. 22, 2018) ........................................................ 7, 8

*Cty. of Duval v. Purdue Pharma, L.P., et al.*,
No. 4:19-cv-02504 (S.D. Tex. July 26, 2019) ............................................................... 8

*Cty. of Falls v. Purdue Pharma, L.P., et al.*,
2018 WL 1518849 (W.D. Tex. Mar. 28, 2018) ...................................................... 7, 8

*Cty. of Harris v. Purdue Pharma L.P.*,
No. 4:18-cv-00490 (S.D. Tex. June 6, 2018) ................................................................ 8

*Cty. of Hopkins v. Endo Health Solutions Inc., et al.*,
4:17-cv-00845-ALM (E.D. Tex. Dec. 20, 2017) ..................................................... 7, 8

*Cty. of Jasper v. Purdue Pharma L.P., et al.*,
No. 4:18-cv-04706 (SD. Tex. Feb. 6, 2019) ................................................................. 8

*Cty. of Jim Wells v. Purdue Pharma L.P., et al.*,
No. 4:19-cv-3580 (S.D. Tex. Oct. 4, 2019) ................................................................... 8

*Cty. of Newton v. Purdue Pharma L.P., et al.*,
No. 4:19-cv-00117 (S.D. Tex. Mar. 21, 2019) .............................................................. 8

*Cty. of Travis v. Purdue Pharma, LP*,
No. 1:18-CV-254-RP, 2018 WL 1518848 (W.D. Tex. Mar. 28, 2018) ..................... 8

*Cty. of Van Zandt v. AmerisourceBergen Corporation et al.*,
No. 6:18-cv-00064 (E.D. Tex. Apr. 16, 2018) ............................................................... 8

*Davis v. SunTrust Mortgage, Inc.*,
No. 1:13-cv-370, 2014 WL 12694160 (S.D. Miss. May 15, 2014) ............................. 9

*DCH Health Care Authority et al., v. Purdue Pharma L.P., et al.,*
  No. 9-0756-WS-C, 2019 WL 6493932 (S.D. Ala. Dec. 13, 2019) ........................................ 1, 3, 12, 14

*Delaware v. Purdue Pharma L.P., et al.,*
  2018 WL 1942363 (D. Del. Apr. 25, 2018) ............................................................ 4, 17

*Dinwiddie Cty., Virginia v. Purdue Pharma, L.P.,*
  No. 3:19-CV-242, 2019 WL 2518130 (E.D. Va. June 18, 2019) ................................................ 3

*Dunaway v. Purdue Pharma, L.P., et al.,*
  2019 WL 2211670 (M.D. Tenn. May 22, 2019) ...................................................... 4, 7

*Ellis Cty. v. Walgreens Boot Alliance, Inc., et al.,*
  No. 4:19-cv-02256 (S.D. Tex. July 24, 2019).................................................................. 8

*Empire Healthchoice Assurance, Inc. v. McVeigh,*
  547 U.S. 677 (2006) ....................................................................................13, 19

*Energy Mgmt. Servs., LLC v. City of Alexandria,*
  739 F.3d 255 (5th Cir. 2014) .......................................................................... 9

*Estate of Brockel v. Purdue Pharma L.P., et al.,*
  1:17-cv-00521-KU-MU (S.D. Ala. Mar. 29, 2018) .................................................... 7

*Ex parte McCardle,*
  74 U.S. 506 (1869) ...................................................................................... 2

*Fire and Police Retiree Health Care Fund, San Antonio v. CVS Health Cop. et al.,*
  No. 4:19-cv-02089 (S.D. Tex. July 24, 2019)................................... 3, 6, 8, 12, 15, 17

*Gasch v. Hartford Acc. & Indem. Co.,*
  491 F.3d 278 (5th Cir. 2007) ......................................................................3, 10

*Goffney v. Bank of Am., N.A.,*
  897 F. Supp. 2d 520 (S.D. Tex. 2012) ............................................................ 15

*Grable & Sons Metal Products, Inc.,*
  545 U.S. 308, 318, 125 S.Ct. 2363 (2005) ......................................................18, 19

*Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.,*
  535 U.S. 826 (2002) .................................................................................. 10

*Hornbuckle v. State Farm Lloyds,*
  358 F.3d 538 (5th Cir. 2004) ........................................................................ 20

*Illinois Public Risk Fund v. Purdue Pharma L.P., et al.,*
  2019 WL 3080929 (N.D. Ill. July 15, 2019).....................................................4, 13

*In re Four Seasons Sec. Laws Litig.,*
  362 F. Supp. 574 (J.P.M.L. 1973) ................................................................... 5

*In Re Texas Opioid Litigation,*
  No. 18-0358............................................................................................... 8

*In Re: Nat'l Prescription Opiate Litig.,*
  MDL No. 2804 (N.D. Ohio Aug, 23, 2018) ................................. 2, 3, 4, 6, 8, 12, 19

*Johnson County v. Purdue Pharma, L.P. et al.*,
  No. 4:19-cv-01637 (S.D. Tex. July 24, 2019) ........................................................ 4, 8, 12, 14

*Kingman Hosp. Inc. v. Purdue Pharma L.P., et al.*,
  No. CV-19-08240-PCT-JJT, 2019 WL 4024773 (D. Ariz. Aug. 27, 2019) ............................ 3, 12, 14

*Kokkonen v. Guardian Life Ins. Co. of Am.*,
  511 U.S. 375, 114 S.Ct. 1673 (1994) ................................................................................ 9

*Louisville & Nashville R.R. Co. v. Mottley*,
  211 U.S. 149, 29 S. Ct. 42, (1908) .................................................................................. 18

*Manguno v. Prudential Prop. & Cas. Ins. Co.*,
  276 F.3d 720 (5th Cir. 2002) .......................................................................................... 10

*Martin v. Franklin Capital Corp.*,
  546 U.S. 132 (2005) ...................................................................................................... 20

*Mayor & City Council of Baltimore v. Purdue Pharma L.P. et al.*,
  2018 WL 1963816 (D. Md. Apr. 25, 2018) ...................................................................... 4, 7

*Mecklenburg Cnty. v. Purdue Pharma, L.P., et al.*,
  2019 WL 3207795 (E.D. Va. July 16, 2019) ..................................................................... 4, 12

*Merrell Dow Pharmaceuticals, Inc. v. Thompson*,
  478 U.S. 804 (1986) ........................................................................................... 11, 15, 18, 19

*Meyers v. Bayer AG*,
  143 F. Supp. 2d 1044 (E.D. Wis. 2001) ............................................................................ 5

*Mississippi ex rel. Hood v. Global Client Solutions, LLC*,
  No.: 3:18-cv-280, 2019 WL 4459327 ............................................................................... 18

*Moton v. Bayer Corp.*,
  2005 WL 1653731 (S.D. Ala. July 8, 2005) ....................................................................... 7

*Nan Hanks & Assocs., Inc. v. Original Footwear Co., Inc.*,
  No. 217CV00027TLNKJN, 2018 WL 3155247 (E.D. Cal. June 26, 2018) ............................. 20

*New Hampshire v. Purdue Pharma*,
  No. 17-CV-427-PB, 2018 WL 333824 (D.N.H. Jan. 9, 2018) .............................................. 7

*New Mexico ex rel. Balderas v. Purdue Pharma, L.P., et al.*,
  323 F. Supp. 3d 1242 (D.N.M. 2018) ............................................................................... 4, 15

*Oliver v. Trunkline Gas Co.*,
  796 F.2d 86 (5th Cir. 1986) ............................................................................................. 18

*Patriot Bank v. Monroe*,
  No. 4:12CV235, 2012 WL 2905932 (E.D. Tex. Apr. 27, 2012),
  *report and recommendation adopted*, No. 4:12CV235, 2012 WL 2905602 (E.D. Tex. July 16, 2012) ....... 3

*PlainsCapital Bank v. Rogers*,
  715 F. App'x 325 (5th Cir. 2017) ..................................................................................... 16

*Poole v. Ethicon, Inc.*,
  No. CIV.A. H-12-0339, 2012 WL 868781 (S.D. Tex. Mar. 13, 2012) .................................... 5

*Rivet v. Regions Bank of La.*,
522 U.S. 470 (1998) .................................................................................................................. 10

*Rockwall Cty. v. CVS Health Corp., et al.*,
No. 4:19-cv-2181 (S.D. Tex. July 4, 2019) ................................................................................ 8

*Rutherford v. Merck & Co.*,
428 F. Supp. 2d 842 (S.D. Ill. 2006) ......................................................................................... 5

*Saadat v. Landsafe Flood Determination, Inc.*,
253 Fed. Appx. 343 (5th Cir. 2007) ........................................................................................ 16

*Sandoval v. Bausch and Lomb, Inc.*,
2008 WL 11343014 (C.D. Cal. Aug. 8, 2008) ........................................................................... 7

*State of West Virginia ex rel. Morrisey v. McKesson Corp.*,
2017 WL 357307 (S.D.W. Va. Jan. 24, 2018) ...................................................................... 4, 18

*Staubus v. Purdue Pharma, L.P. et al.*,
2017 WL 4767688 (E.D. Tenn. Oct. 20, 2017) .......................................................................... 7

*Taylor v. Anderson*,
234 U.S. 74, 34 S.Ct. 724 (1914) ............................................................................................ 11

*Tucson Medical Center v. Purdue Pharma*,
2018 WL 6629659 (D. Ariz. Dec. 19, 2018) ................................................................. 4, 12, 14

*Uintah County, Utah v. Purdue Pharma, L.P., et al.*,
2018 WL 3747847 (D. Utah Aug. 7, 2018) ............................................................................ 4, 7

*Valdes v. Wal-Mart Stores, Inc.*,
199 F.3d 290 (5th Cir. 2000) ................................................................................................... 20

*Venable v. La. Workers' Comp. Corp.*,
740 F.3d 937 (5th Cir. 2013) ................................................................................................... 10

*Wayman v. Southard*,
23 U.S. 1 (1825) ......................................................................................................................... 5

*Weber County, Utah v. Purdue Pharma, L.P., et al.*,
2018 WL 3747846 (D. Utah Aug. 7, 2018) ...................................................................... 4, 7, 13

*Wells Fargo Bank, NA v. Corte Freccia I, LLC*,
2009 WL 3188424 (D. Ariz. Sept. 29, 2009) ........................................................................... 20

*Western Healthcare, LLC v. Nat'l Fire & Marine Ins. Co.*,
No. 3:16-cv-565-L, 2016 WL 7735761 (N.D. Tex. Dec. 28, 2016) .......................................... 20

*Willy v. Coastal Corp.*,
855 F.2d 1160 (5th Cir. 1988) ................................................................................................... 9

**Statutes**

21 U.S.C. §§ 801 ............................................................................................................................ 14

28 U.S.C. § 1391 .............................................................................................................................. 8

28 U.S.C. § 1441 .............................................................................................................................. 8

28 U.S.C. § 1441(a) .................................................................................................................. 7

28 U.S.C. § 1447(c) ........................................................................................................... 2, 19, 20

22 Tex. Admin. Code § 281.7(a)(23) ...................................................................................... 16

22 Tex. Admin. Code § 281.74(b)(2)(B) ................................................................................. 16

25 Tex. Admin. Code § 229.420 .............................................................................................. 15

Federal Controlled Substances Act ................................................... 11, 14, 15, 17, 18

Tex. Health & Safety Code Ann. § 481.031 ......................................................................... 16

Tex. Health & Safety Code Ann. § 481.035(b) ..................................................................... 16

Tex. Health & Safety Code Ann. § 481.071(a) ..................................................................... 16

Tex. Health & Safety Code Ann. § 481.128(a)(1) ................................................................. 16

Tex. Health & Safety Code Ann. §§ 481.067(a); 481.0766(a) ............................................. 15

Tex. Occ. Code § 562.056 (a-1) .........................................................................................16, 17

Tex. Occ. Code Ann. § 562.056(a-1) ...................................................................................... 16

Texas Controlled Substances Act,
    Tex. Health & Safety Code Ann. §§ 481.001 through 481.354 .................................16, 17

**Other Authorities**

Manual for Complex Litigation § 20.131 (4th ed. 2004) ..................................................... 4, 5

**Rules**

Federal Rule of Civil Procedure 6(c) ....................................................................................... 3

Judicial Panel on Multidistrict Litigation Rule 2.1(d) .......................................................... 5

Texas Rule of Judicial Administration 13.5(a) ...................................................................... 9

## I.    INTRODUCTION

Plaintiffs include 38 Texas hospitals seeking compensation for the damages they have suffered at the hands of the architects of the opioids crisis. On November 20, 2019, Plaintiffs commenced this action in the District Court of Dallas County. Plaintiffs assert *exclusively* state law causes of action and seek *exclusively* state law remedies. Among other remedies, Plaintiffs seek injunctive relief, compensatory damages, exemplary damages, and monies towards abating the nuisance created by Defendants. Defendants include several Texas citizens.

Defendant CVS Pharmacy, Inc. ("CVS") removed this action on the basis of federal-question jurisdiction under a theory that has been rejected by this Court, the federal MDL, and every other federal court to address it. Incredibly, CVS's Notice of Removal does not apprise the Court of these numerous adverse decisions in which motions to remand have been granted. Undeterred, CVS and its fellow defendants continue to raise this specious argument in opioid-related litigations around the country, which are always followed by a motion to stay pending transfer to the federal MDL. This is part of a pattern of rank gamesmanship, which seeks to use state and federal procedure as a mechanism for delay. There is no federal question in this case, a conclusion one federal court commented "was immediately obvious on the Courts preliminary assessment." *DCH Health Care Authority et al., v. Purdue Pharma L.P., et al.*, No. 9-0756-WS-C, 2019 WL 6493932, at *1 (S.D. Ala. Dec. 13, 2019) (denying defendants' motion to stay and granting Plaintiffs' motion to remand).

Because remand is certain, CVS has deployed procedural hopscotch to delay a remand decision for as long as possible. This is the *third* court to have this case since it was filed on November 20, and CVS desires a stay so that it may be sent to a fourth and be siloed with thousands of other cases in opioid multi-district litigation ("MDL") pending in the Northern District of Ohio. While the MDL

court has already rejected Defendants' claimed basis for removal, calling the argument "tenuous,"[1] Defendants' are banking on the fact that a decision on remand by the MDL will take years. The Court should not reward this type of conduct by staying any decision on remand. Because this action raises exclusively state law claims, the Court should move swiftly and decisively to thwart Defendants' attempt to abuse the mechanism of removal of state law claims to a federal court, which should be reserved only for those classes of cases that truly belong here.

Moreover, because there is no objectively reasonable basis for seeking removal on the part of CVS, Plaintiffs should be attorneys' fees, costs, and expenses under 28 U.S.C. § 1447(c).

## II.    ARGUMENT

### A.  The Court Should Immediately Remand this Action on a Summary Basis Without Further Briefing, or, at a Minimum, Schedule an Expedited Hearing

The Supreme Court has long held that, "[w]ithout jurisdiction[,]" this Court, and any other court, "cannot proceed at all in any cause." *Ex parte McCardle*, 74 U.S. 506, 514 (1869). Congress agrees, and has made clear that, "[i]f at *any time* […] it appears that [a] district court lacks subject matter jurisdiction,[2] the case *shall* be remanded." *See* 28 U.S.C. § 1447(c) (emphasis added). The Court need not wait for a response to this motion and does not require *any motion at all*—it is well-settled that a court may remand an action on its own initiative should subject matter jurisdiction be lacking. *See, e.g., Am. Nat. Ins. Co. v. Travelers Cas. & Sur. Co.*, 8 F. Supp. 2d 938, 939 (S.D. Tex. 1998) ("[I]f the lawsuit has come before the Court *via* removal, upon determining that subject matter jurisdiction is lacking, the Court's only recourse is remand."); *Patriot Bank v. Monroe*, No. 4:12CV235, 2012 WL 2905932, at *2 (E.D. Tex. Apr. 27, 2012), *report and recommendation adopted*, No. 4:12CV235, 2012 WL 2905602 (E.D.

---

[1] *In Re: Nat'l Prescription Opiate Litig.*, MDL No. 2804, Doc. No. 899, at 5-6 (N.D. Ohio Aug, 23, 2018).

[2] For the reasons stated in Section II(C), *infra*, the Court lacks subject matter jurisdiction over this action.

Tex. July 16, 2012) (issuing the "report without [] requiring a written response in opposition because the Court would be compelled to remand it on its own initiative"); *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 282 (5th Cir. 2007) (stating that "subject-matter delineations must be policed by the courts on their own initiative") (citation omitted).

Respectfully, Plaintiffs ask this Court to summarily remand this action to the Texas MDL Court, or in the alternative, expedite the briefing schedule on this motion pursuant to Fed. R. Civ. P. 6(c). Without an expeditious ruling on this motion before this case is transferred to the National Opiate Litigation MDL in the Northern District of Ohio, the adjudication of Plaintiffs' claims against Defendants would be indefinitely delayed. An expedited resolution of the motion is particularly appropriate because Defendants present no valid basis for removal, and summarily resolving it (again) will not create any possibility of inconsistent determinations.

The "federal question" issue is not novel and is not in dispute. Defendants have failed to cite a single decision adopting their tired "federal question" argument.[3] To the contrary, district courts throughout the Country, including a court in this very District and Division, have *unanimously* and *repeatedly* rejected the efforts by pharmaceutical manufacturers, distributors, and national retail pharmacies to characterize state law claims related to the opioid crisis as presenting a "federal question," and have remanded such actions back to state courts.[4]

---

[3] *See Dinwiddie Cty., Virginia v. Purdue Pharma, L.P.*, No. 3:19-CV-242, 2019 WL 2518130, at *2 (E.D. Va. June 18, 2019) ("The Court has not been notified of any decision in these similar cases in which a court has found that there was federal jurisdiction.").

[4] *See, e.g.*, *Fire and Police Retiree Health Care Fund, San Antonio v. CVS Health Cop. et al.*, No. 4:19-cv-02089, Doc. No. 21 at 7 (S.D. Tex. July 24, 2019); *DCH Health Care Authority et al., v. Purdue Pharma L.P., et al.*, No. 9-0756-WS-C, 2019 WL 6493932, at *1 (S.D. Ala. Dec. 13, 2019) (denying defendants' motion to stay and granting Plaintiffs' motion to remand); *Kingman Hosp. Inc. v. Purdue Pharma L.P., et al.*, No. CV-19-08240-PCT-JJT, 2019 WL 4024773, at *2 (D. Ariz. Aug. 27, 2019) (granting hospital plaintiffs' emergency motion to remand without further response by defendants to the motion, finding no federal question jurisdiction existed); *In Re: Nat'l Prescription Opiate Litig.*, MDL No. 2804, Doc. No. 1987, at 3 (N.D. Ohio July, 24, 2019) (remanding actions brought by Jefferson County and Franklin County to a state court in Missouri, finding that "[t]here are no federal causes of action, and the claim

3

An expedited briefing schedule here is warranted, "because the right to litigate in the MDL depends on the existence of federal jurisdiction in the first place." *Mayor & City Council of Baltimore v. Purdue Pharma L.P. et al.*, 2018 WL 1963816, at *3 (D. Md. Apr. 25, 2018) (citing Manual for Complex Litigation § 20.131 (4th ed. 2004)). No federal jurisdiction exists here, and the Court must remand. *See Craft v. United Insurance Co.*, 2002 WL 32509283, at *1 (S.D. Miss. 2002) ("[I]f the federal court has no jurisdiction over a matter, then it can neither stay it nor transfer it to the MDL.").

---

of federal jurisdiction by the removing Defendant is very tenuous"); *Johnson County v. Purdue Pharma, L.P. et al.*, No. 4:19-cv-01637, Doc. No. 50 at 11 (S.D. Tex. July 24, 2019) (granting motion to remand and denying motion to stay, finding no federal jurisdiction existed); *County of Kern v. Purdue Pharma L.P., et al.*, 2019 WL 3310668 (E.D. Cal. July 23, 2019) (granting motion to remand, finding no federal question jurisdiction existed); *Mecklenburg Cnty. v. Purdue Pharma, L.P., et al.*, 2019 WL 3207795 (E.D. Va. July 16, 2019) (granting motion to remand, finding no federal question jurisdiction existed); *Illinois Public Risk Fund v. Purdue Pharma L.P., et al.*, 2019 WL 3080929 (N.D. Ill. July 15, 2019) (granting motion to remand, finding no federal question jurisdiction existed); *City of El Monte, et al. v. Purdue Pharma L.P., et al.*, Case No. 2:19-cv-03588-JFW-PLA, Doc. No. 39 (C.D. Cal. June 18, 2019) (granting motion to remand, finding no federal question jurisdiction existed); *Cty. Bd. of Arlington Cty. v. Purdue Pharma, L.P., et al.*, No. 1:19-cv-402, ECF No. 63 (E.D. Va. May 6, 2019) (granting motion to remand, finding no federal question jurisdiction existed); *Dunaway v. Purdue Pharma, L.P., et al.*, 2019 WL 2211670 (M.D. Tenn. May 22, 2019) (granting motion to remand, finding no federal question jurisdiction existed); *City of Boston, et al. v. Purdue Pharma L.P., et al.*, No. 1:18-cv-12174, Doc. 32 (D. Mass. Jan. 29, 2019) (granting motion to remand, finding no federal question jurisdiction); *Tucson Medical Center v. Purdue Pharma*, 2018 WL 6629659 (D. Ariz. Dec. 19, 2018) (granting motion to remand, finding no federal question jurisdiction existed); *City of Reno v. Purdue Pharma, L.P., et al.*, 2018 WL 5730158 (D. Nev. Nov. 28, 2018) (granting motion to remand, finding no federal question jurisdiction existed); *In Re: Nat'l Prescription Opiate Litig.*, MDL No. 2804, Doc. No. 899 (N.D. Ohio Aug, 23, 2018) (granting motion to remand, finding no federal question jurisdiction existed); *Cty. of Anderson v. Rite Aid of S.C., Inc.*, 2018 WL 8800188, at *10 (D.S.C. Aug. 20, 2018) (granting motion to remand, finding no federal question jurisdiction existed); *Weber County, Utah v. Purdue Pharma, L.P., et al.*, 2018 WL 3747846 (D. Utah Aug. 7, 2018) (granting motion to remand, finding no federal question jurisdiction existed); *Uintah County, Utah v. Purdue Pharma, L.P., et al.*, 2018 WL 3747847 (D. Utah Aug. 7, 2018) (granting motion to remand, finding no federal question jurisdiction existed); *New Mexico ex rel. Balderas v. Purdue Pharma, L.P., et al.*, 323 F. Supp. 3d 1242, 1250 (D.N.M. 2018) (granting motion to remand, finding no federal question jurisdiction existed); *Delaware v. Purdue Pharma L.P., et al.*, 2018 WL 1942363 (D. Del. Apr. 25, 2018) (granting motion to remand, finding no federal question jurisdiction existed); *State of West Virginia ex rel. Morrisey v. McKesson Corp.*, 2017 WL 357307 (S.D.W. Va. Jan. 24, 2018) (granting motion to remand, finding no federal question jurisdiction existed).

Even after motion practice concerning MDL transfer is pending before the JPML, this Court retains the authority[5] and responsibility to evaluate its subject matter jurisdiction. Simply put, "[i]f this Court does not have jurisdiction over this matter, then neither will the MDL court." *Poole v. Ethicon, Inc.*, No. CIV.A. H-12-0339, 2012 WL 868781, at *2 (S.D. Tex. Mar. 13, 2012) (internal citations omitted). The Court's "first step should be to make a preliminary assessment of the jurisdictional issue," and, if this first step indicates that removal was improper, "then the court 'should promptly complete its consideration and remand the case to state court'" before the JPML makes a determination as to MDL transfer. *Rutherford v. Merck & Co.*, 428 F. Supp. 2d 842, 846 (S.D. Ill. 2006) (quoting *Meyers v. Bayer AG*, 143 F. Supp. 2d 1044, 1048-49 (E.D. Wis. 2001)).

Given Defendants' knowledge of adverse decisions by numerous federal courts rejecting their "federal question" argument in removal proceedings, the only possible reason for Defendants to remove this case was to delay the resolution of Plaintiffs' claims by orchestrating the transfer of the case into the MDL. But Plaintiffs have a right to proceed in a timely manner on their claims and, equally important, to do so in a court that has subject matter jurisdiction. This case does not belong in federal court. Nor does the potential transfer to the MDL in any way preclude a ruling from this Court on the remand motion. If this Court does not act expeditiously, given that the MDL court has

---

[5] This Court's ruling on Plaintiffs' Emergency Motion to Remand is in *no way* affected by the pendency of a motion for transfer to the MDL. Rule 2.1(d) of the Rules of the Judicial Panel on Multidistrict Litigation states:

> The pendency of a motion, order to show cause, conditional transfer order or conditional remand order before the Panel concerning transfer or remand of an action pursuant to 28 U.S.C. § 1407 does not affect or suspend order and pretrial proceedings in the district court in which the action is pending and *does not in any way limit* the pretrial jurisdiction of that court. (emphasis added)

Accordingly, "[d]uring the pendency of a motion (or show cause order) for transfer, … the court in which the action was filed retains jurisdiction over the case." *See* Manual for Complex Litigation, Fourth, § 20.131 at 220 (citing J.P.M.L. R. P. 1.5; *In re Four Seasons Sec. Laws Litig.*, 362 F. Supp. 574 (J.P.M.L. 1973); *see also Wayman v. Southard*, 23 U.S. 1, 22 (1825) ("The judicial department is invested with jurisdiction in certain specified cases, in all which it has power to render judgment.")).

placed a moratorium on all motions to remand,[6] Defendants' delay strategy would work successfully to delay Plaintiffs' pursuit of justice. *See City of Worcester v. Purdue Pharma L.P., et al*, No. 4:18-11958-TSH, Doc. 36, at 4 (D. Mass. Nov. 21, 2018) ("Needlessly causing delays when there is clearly no jurisdiction would . . . constitute a travesty of justice.").

Plaintiffs therefore respectfully submit that the Court should follow the lead of those other federal district courts, including in the Southern District of Texas, that have expeditiously remanded opioid-related actions before they can be transferred to the MDL. *See Fire and Police Retiree Health Care Fund, San Antonio v. CVS Health Cop. et al.*, No. 4:19-cv-02089, Doc. No. 21 at 7 (S.D. Tex. July 24,

---

[6] *See* Order Regarding Remands, *In re: Nat'l Prescription Opiate Litigation*, No. 17-md-2804, Doc. No. 130 (N.D. Ohio Feb. 16, 2018).

2019).[7] The Court should also expedite its consideration of remand to avoid rewarding Defendants' stall tactics.

### B. The Court Should Not Reward Defendants for Manipulating the Removal Procedure.

Defendants have coordinated a tag-and-remove scheme designed to undercut both longstanding removal procedure and Plaintiffs' choice of forum. By statute, a defendant must remove a case "to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Ordinarily, this would result in actions filed in Dallas County District Court, like this one, being removed to the District Court for the Northern District of Texas, where at least one opioids-related case has been remanded.[8] Courts in the Eastern and Western

---

[7] *See also, e.g., Mayor & City Council of Baltimore v. Purdue Pharma L.P. et al.*, 2018 WL 1963816, at *3 (D. Md. Apr. 25, 2018); *Dunaway v. Purdue Pharma, L.P.,* 2019 WL 2211670, at *3 (M.D. Tenn. May 22, 2019) ("It would be a waste of judicial resources for [a] case to proceed" in the federal courts if, ultimately, a federal court is not "the appropriate court to consider plaintiffs' claims.") (quotation omitted); *County of Anderson v. Rite Aid of South Carolina, Inc.*, No. 8:18-cv-01947, Doc. 44 (D.S.C. Aug. 20, 2018) (denying motion to stay, granting motion to remand) ; *Weber County, Utah v. Purdue Pharma L.P. et al.*, No. 1:18-cv-00089, Doc. 16 (D. Utah July 31, 2018) (denying stay in the action that the court later remanded); *Uintah County, Utah et al. v. Purdue Pharma L.P. et al.*, No. 2:18-cv-00585, Doc. 16 (D. Utah July 31, 2018) (same); *County of Spartanburg v. Rite Aid of South Carolina, Inc.*, No. 7:18-cv-01799, Doc. 32 (D.S.C. July 27, 2018) (denying motion to stay, granting motion to remand); *County of Greenville v. Rite Aid of South Carolina, Inc.*, No. 6:18-cv-1085, Doc. 66 (D.S.C. May 21, 2018) (same); *County of Van Zandt v. AmerisourceBergen Corporation et al.*, No. 6:18-cv-00064, Doc. 73 (E.D. Tex. Apr. 16, 2018) (same); *Estate of Brockel v. Purdue Pharma L.P., et al.*, 1:17-cv-00521-KU-MU, Doc. No. 63 (S.D. Ala. Mar. 29, 2018); *Cty. of Falls v. Purdue Pharma, L.P., et al.*, 2018 WL 1518849 (W.D. Tex. Mar. 28, 2018) (denying motion to stay and granting motion to remand); *Cty. of Delta v. Purdue Pharma, L.P., et al.*, 2018 WL 1440485 (E.D. Tex. Mar. 22, 2018); *Cty. of Dallas v. Purdue Pharma L.P., et al.*, 3:18-cv-00426-M, slip op. at 7 (N.D. Tex. Mar. 7, 2018); *Brooke Cty. Comm'n, et al. v. Purdue Pharma L.P., et al.*, 5:18-cv-00009, slip op. at 17 (N.D.W. Va. Feb. 23, 2018) (granting motions to remand in eight cases brought by counties in West Virginia); *New Hampshire v. Purdue Pharma*, No. 17-CV-427-PB, 2018 WL 333824, at *4 (D.N.H. Jan. 9, 2018); *Cty. of Hopkins v. Endo Health Solutions Inc., et al.*, 4:17-cv-00845-ALM, Doc No. 7 (E.D. Tex. Dec. 20, 2017); *Staubus v. Purdue Pharma, L.P. et al.*, 2017 WL 4767688 (E.D. Tenn. Oct. 20, 2017). *Accord, e.g., Baker v. Air Liquid Systems, Inc.*, 2011 WL 499963 (S.D. Ill. Feb. 8, 2011) (remanding action during pendency of transfer motion practice before JPML); *Sandoval v. Bausch and Lomb, Inc.*, 2008 WL 11343014 (C.D. Cal. Aug. 8, 2008) (same); *Moton v. Bayer Corp.*, 2005 WL 1653731 (S.D. Ala. July 8, 2005) (same; citing cases).

[8] *Cty. of Dallas v. Purdue Pharma L.P.*, 3:18-cv-00426-M, Rec. Doc. 10 (N.D. Tex. Mar. 7, 2019).

Districts have generally remanded opioids-related cases as well.[9] And, to the undersigned's knowledge, no court in any of these Districts has granted a stay that permits the case to be transferred to the federal MDL. Some courts in the Southern District, however, have been more willing to either stay opioids-related cases or transfer them to *In re Nat'l Prescription Opiate Litig.*, MDL No. 2804 (the "Federal MDL").[10] Because Defendants want a decision on the merits of their removals delayed, not decided, they view the Southern District as a more advantageous forum and have devised a strategy to manufacture venue here.

Ordinarily, proper federal venue for a case *removed* to federal court is the same as if the case had been originally *filed* in federal court. *Compare* 28 U.S.C. § 1391 with 28 U.S.C. § 1441. To manipulate venue under § 1441 and evade the jurisdiction of the Northern, Eastern, and Western Districts, Defendants have crafted a tag-and-remove strategy. Their scheme is simple. A defendant will "tag" an opioids-related case for the Texas MDL, *In Re Texas Opioid Litig*ation, No. 18-0358 (the "Texas

---

[9] *See Cty. of Delta v. Purdue Pharma, L.P.*, No. 4:18-CV-095, 2018 WL 1440485 (E.D. Tex. Mar. 22, 2018) (rejecting defendants' fraudulent joinder argument and request to sever); *Cty. of Travis v. Purdue Pharma, LP*, No. 1:18-CV-254-RP, 2018 WL 1518848, at *2 (W.D. Tex. Mar. 28, 2018) (denying motion to stay and motion to remand based on fraudulent misjoinder argument); *Cty. of Falls v. Purdue Pharma, LP*, No. 6:18-CV-47-RP-JCM, 2018 WL 1518849, at *1 (W.D. Tex. Mar. 28, 2018); *Cty. of Hopkins v. Endo Health Solutions Inc., et al.*, 4:17-cv-00845-ALM (E.D. Tex. Dec. 20, 2017); *Cty. of Van Zandt v. AmerisourceBergen Corporation et al.*, No. 6:18-cv-00064, Doc. 73 (E.D. Tex. Apr. 16, 2018) (granting motion to remand and denying motion to stay); *Johnson Cty. v. Purdue Pharma L.P.*, 4:19-cv-01637 (S.D. Tex. July 24, 2019); *Fire and Pol. Ret. Heal. Care Fund, San. Ant. V. CVS Health Corp., et al.*, 4:19-cv-02089 (S.D. Tex. July 24, 2019).

[10] *See Cty. of Harris v. Purdue Pharma L.P.*, No. 4:18-cv-00490 (S.D. Tex. June 6, 2018); *Cty. of Jasper v. Purdue Pharma L.P.*, et al., No. 4:18-cv-04706 (SD. Tex. Feb. 6, 2019) (denying motion to expedite county's motion to vacate and motion to remand); *Cty of Galveston v. Purdue Pharma L.P., et al.*, No. 4:18-cv-04708 (S.D. Tex.) (issuing no ruling on motion to remand before case was transferred to MDL); *Cty. of Newton v. Purdue Pharma L.P., et al.*, No. 4:19-cv-00117 (S.D. Tex. Mar. 21, 2019) (denying motion to remand without prejudice to be re-urged after transfer to the MDL); *Ellis Cty. v. Walgreens Boot Alliance, Inc., et al.*, No. 4:19-cv-02256 (S.D. Tex. July 24, 2019) (granting a temporary stay of the case until JPML issued a decision on transfer to the MDL); *Cty. of Duval v. Purdue Pharma, L.P., et al.*, No. 4:19-cv-02504 (S.D. Tex. July 26, 2019) (same); *Rockwall Cty. v. CVS Health Corp., et al.*, No. 4:19-cv-2181 (S.D. Tex. July 4, 2019) (administratively closing case until after the termination of the MDL); Cty. of Jim Wells v. Purdue Pharma L.P., et al., No. 4:19-cv-3580 (S.D. Tex. Oct. 4, 2019) (granting motion to stay and denying motion to remand without prejudice to reassertion).

MDL."), which is located in Harris County, affirmatively invoking the jurisdiction of Texas MDL and effectuating an immediate transfer.[11] After transfer to the Texas MDL, the defendant will then remove the case to the Southern District of Texas, using the state MDL procedure to manufacture venue under § 1441. This practice is squarely in line with Defendants' apparent strategy of ensuring that Texas state opioids matters are held unresolved for as long as possible and the Texas MDL is disrupted.

Defendants' scheme has impermissibly divested Texas courts of their power to hear and decide cases which affect countless Texas citizens. At the same time, Defendants have compromised fundamental principles of judicial economy, efficiency, and fairness by funneling all Texas opioids cases to the already overburdened dockets of thirteen Southern District courts. This Court should not reward Defendants' attempt to game the system for the sole purpose of delay; the Court should instead decide the merits of Plaintiffs' Motion to Remand.

### C. There Is No Federal Subject Matter Jurisdiction and This Action Must Be Remanded

#### 1. The Removal Statute Must be Strictly Construed and All Doubts Should be Resolved Against Removal

"Federal courts are courts of limited jurisdiction." *Energy Mgmt. Servs., LLC v. City of Alexandria*, 739 F.3d 255, 257 (5th Cir. 2014) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S.Ct. 1673 (1994)). The Fifth Circuit recognized the restriction on federal judicial power and ruled that "there is a presumption against subject matter jurisdiction." *Coury v. Prot*, 85 F.3d 244, 248 (5th Cir. 1996) (citations omitted). *See also Davis v. SunTrust Mortgage, Inc.*, No. 1:13-cv-370, 2014 WL 12694160, at *3 (S.D. Miss. May 15, 2014) (stating that "removal statutes are subject to strict construction") (citing *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir. 1988)). As such, the party

---

[11] *See* Texas Rule of Judicial Administration 13.5(a) ("A case is deemed transferred from the trial court to the pretrial court when a notice of transfer is filed with the trial court and the pretrial court.").

seeking removal "bears the burden of establishing that federal jurisdiction exists and that removal was proper." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). If the Court determines that the removing party has failed to meet its burden, then the Court should remand the case back to the state court.

Moreover, when ambiguities arise in determining whether federal jurisdiction is established, "any doubt about the propriety of removal must be resolved in favor of remand." *Gasch v. Hartford Accident & Indem. Co.,* 491 F.3d 278, 281–82 (5th Cir. 2007).

### 2.  There Are No Federal Claims on The Face of The Petition

["F]ederal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). *See also Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998) (same). Plaintiffs' claims and allegations contained within their Petition are *all* founded upon state law, in this instance, the laws of Texas:

- Claim I is a cause of action for negligence under Texas common law;
- Claim II is a cause of action for negligent and/or intentional creation of a public nuisance under Texas common law;
- Claim III is a cause of action for unjust enrichment under Texas common law;
- Claim IV is a cause of action for common law fraud under Texas common law;
- Claim V is a cause of action for civil conspiracy under Texas common law.

The "well-pleaded complaint rule" requires that the Court reads Plaintiffs' claims as they appear in Plaintiffs' own statements in the complaint in determining whether the claims arose under any federal law. *See Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.,* 535 U.S. 826, 830 (2002) (citation omitted). *See also Venable v. La. Workers' Comp. Corp.,* 740 F.3d 937, 942 (5th Cir. 2013) (stating that under the well-pleaded-complaint rule, "the court must look only to ['[]what necessarily appears in the plaintiff's statement of his own claim ... unaided by anything alleged in anticipation of avoidance of defenses which it is thought the defendant may interpose[']") (quoting *Taylor v. Anderson*, 234 U.S. 74, 75-76, 34

S.Ct. 724 (1914)). As Defendants concede, Plaintiffs plead *solely* Texas state law claims. Thus, the "well-pleaded complaint rule" provides no ground for removal.

Because Plaintiffs do not seek relief under any federal law, no federal question arises and no federal-question jurisdiction exists.

### 3. Defendants Fail to Establish Federal Jurisdiction

The Supreme Court has made it clear that "the mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction," and such jurisdiction will only lie in a very narrow category of cases which necessarily rest on a "substantial federal question." *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 813 (1986). *Accord Gunn v. Minton*, 568 U.S. 251, 258-60 (2013). District courts therefore must exercise "prudence and restraint" when determining whether a state cause of action presents a substantial federal question because "determinations about federal jurisdiction require sensitive judgments about congressional intent, judicial power, and the federal system." *Merrell Dow*, 478 U.S. at 810.

Defendants argue that Plaintiffs' state law claims somehow arise under federal law, but the basis for their contention is the scant references to federal statutes in the Petition. Defendants further argue that their duties arise *solely* under the federal Controlled Substances Act ("FCSA") and its implementing regulations. As such, they argue that this Court has jurisdiction because a federal question is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." Not. Removal at ¶42 (citing *Gunn*, 568 U.S. at 258).

First, Defendants' meritless arguments have been *expressly* and *repeatedly* rejected by other courts.[12] Thus far, courts, *including the MDL court to which Defendants ultimately seek transfer of this case* and the Southern District, have *repeatedly* rejected the efforts by pharmaceutical manufacturers, distributors

---

[12] *See supra* n.3.

and national retail pharmacies to characterize state law claims related to the opioid crisis as presenting a "federal question," and have remanded such actions back to state courts. *See, e.g., In Re: Nat'l Prescription Opiate Litig.*, MDL No. 2804, Doc. No. 1987 at *3 (remanding actions brought by Jefferson County and Franklin County to a state court in Missouri, finding that "[t]here are no federal causes of action, and the claim of federal jurisdiction by the removing Defendant is very tenuous"); *Fire and Police Retiree Health Care Fund, San Antonio*, No. 4:19-cv-02089, Doc. No. 21 at *7 ("Under the controlling *Grable* test, the Court finds that Plaintiff's claims do not create federal-question jurisdiction. In particular, a federal issue is not [']necessarily raised,['] and the first prong of the *Grable* test is therefore unsatisfied."); *Johnson County*, No. 4:19-cv-01637, Doc. No. 50 at 11 (S.D. Tex. July 24, 2019) (rejecting substantially similar arguments raised by Walmart, finding that "a federal issue is not [']necessarily raised,['] and federal-question jurisdiction therefore does not exist over [Plaintiff's] state-law claims"); *DCH Health Care Authority et al.*, 2019 WL 6493932, at *3 (finding that "references to the CSA" "does not of itself establish that the complaint [']necessarily raise[s]['] a federal issue."); *Commonwealth of Kentucky et al. v. Walgreens Boots Alliance, Inc. et al.*, No. 1:18-op-46311-DAP, Doc. No. 13, at 3-4 (N.D. Ohio Jan. 14, 2019) (remanding action brought by Kentucky and finding that no federal question jurisdiction existed); *In Re: Nat'l Prescription Opiate Litig.*, MDL No. 2804, Doc. No. 899, at 6 (remanding action brought by the State of Montana to a state court in Montana, finding no federal issue was raised by the plaintiff's complaint); *Tucson Med. Ctr.*, 2018 WL 6629659, at *3 (D. Ariz. Dec. 19, 2018) ("AmerisourceBergen has failed to show that the Plaintiff must prove a violation of federal law in order to prevail on its claims. Under the *Gunn* framework, this is cause enough to order a remand."); *Kingman Hospital Inc.*, Case No. 3:19-cv-08240, Doc. No. 11 (D. Ariz. Aug. 27, 2019). *County of Kern*, 2019 WL 3310668, at *3 ("In short, Plaintiffs do not plead any federal causes of action on the face of their complaint. Their claims do not necessarily raise a federal issue because the claims' validity does not depend on questions of federal law."); *Mecklenburg Cnty.*, 2019 WL 3207795,

at *6 ("As a preliminary matter, every Count of the Complaint is a state law claim either under a Virginia statute or Virginia common law. . . . Further, although the Complaint references the CSA and the defendants' reporting requirements under federal law, no claims depend exclusively (or even primarily) on their duty under federal law. Instead, each claim could go forward even without a reference to federal law. Accordingly, the Court does not have federal question jurisdiction over the claims."); *Illinois Public Risk Fund*, 2019 WL 3080929, at *2 ("As many other courts have found in similar cases concerning the manufacture and distribution of opioids, these alleged state-law duties mean that the construction of the Controlled Substances Act is not a necessary part of the plaintiff's claims."); *City of Worcester*, Case No. 4:18-cv-11958-TSH. Doc. 36, at 8 (D. Mass. Nov. 21, 2018) (remanding the case because allegations regarding defendants' purported violations of the FCSA did not provide a basis for federal question subject matter jurisdiction); *City of Reno*, 2018 WL 5730158, at *4 (ruling that "because the complaint does not ['|necessarily['] raise a ['|disputed and substantial[']] federal question, ['|[t]his case cannot be squeezed into the slim category *Grable* exemplifies[']") (quoting *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 681 (2006)); *Weber County, Utah*, 2018 WL 3747846, at *5 (finding that the plaintiff "asserts only state law claims, and provides bases for the claims which do not arise out of or necessarily depend on an interpretation of a disputed CSA provision" and thus "the Complaint does not necessarily raise federal issues").

In every one of these cases, the defendants contended that state law claims necessarily presented a substantial federal issue because the claims arose under the CSA or otherwise necessarily were based, somehow, on the federal regulatory scheme pertaining to pharmaceutical products. In every one of these cases, the defendants lost. Yet, they persist in removing cases in which similar state law claims are asserted. For instance, in *City of Granite City, Ill. v. AmerisourceBergen Drug Corp.*, No. 18-CV-1367 (S.D. Ill. July 13, 2018), defendants had removed the case based on federal question. The district court remanded the action to state court, *sua sponte*, without awaiting a formal motion to

remand. In *Johnson County*, the court specifically rejected the defendants' argument that "the federal Controlled Substance Act ("federal CSA") is the *only* source of the duties implicated by [the state common law claim]." No. 4:19-cv-01637, Doc. No. 50 at 3-4. The Court ruled that "[t]his [argument] ignores the [state] statutes and regulations (and potentially common law) upon which Plaintiff may choose to rely." *Id.* at 4. Similarly, the argument raised by the same Defendants here should be rejected.

In *DCH Health Care Authority et al v. Purdue Pharma L.P., et al.*, the defendants argued, as they do here, that "[state law] imposes no duty other than to follow federal law, such that federal law remains the exclusive source of duty." 2019 WL 6493932, at *3. That argument was rejected. *See id.* at *4 ("[S]ince [Defendant] does not explain how the content of any state statutory or regulatory duty to report and stop suspicious orders must perforce be supplied by federal law, the Court will not indulge any such assumption."). Similarly, the Court should reject Defendants' arguments here.

Defendants' attempts to remove cases brought by hospital plaintiffs in state courts on an alleged "federal question jurisdiction" basis have also failed *repeatedly*. For instance, in three recent actions brought by hospitals against the Defendants, the same lines of arguments have been repeated, and flatly rejected. *See DCH Health Care Authority et al.*, 2019 WL 6493932, at *5 (court rejected the argument that "a federal issue is necessarily raised because the complaint ['implicates the actions of['] the Drug Enforcement Agency ("DEA") and because it ['amounts to a collateral attack on an entire [federal] regulatory scheme.[']"); *Tucson Med. Ctr.*, 2018 WL 6629659, at *1 (court rejected argument that "state law claims [that] necessarily raise federal questions under 21 U.S.C. §§ 801, the Controlled Substances Act ("CSA").")"; *Kingman Hospital Inc.*, Case No. 3:19-cv-08240, Doc. No. 11, at 2 (court rejected argument that "Defendants thus argue that Plaintiffs' ['right to relief necessarily depends on resolution of a substantial question of federal law[']—namely, responsibilities under the Controlled Substances Act.") (citation omitted).

Second, none of the *Gunn* elements for removal are met in Plaintiff's case. In particular, CVS claims that the source of the Defendants' legal duties to monitor and report suspicious orders of controlled substances is the CSA. Not. Removal ¶35. But this claim "ignores the Texas statutes and regulations (and potentially common law) upon which Plaintiff[s] may choose to rely." *Fire and Police Retiree Health Care Fund, San Antonio*, at 7. Moreover, the Texas Administrative Code expressly "adopts by reference" most sections of the Code of Federal Regulations ("CFR") described by CVS in its Notice of Removal, including "21 CFR, Part 1301, Registration of Manufacturers, Distributors, and Dispensers of Controlled Substances." 25 Tex. Admin. Code § 229.420. In addition, Texas law incorporates certain federal standards with respect to the manufacturing and distribution of controlled substances. *See* Tex. Health & Safety Code Ann. §§ 481.067(a); 481.0766(a). Based on these factors, Judge Hanen found that similar arguments by CVS did not "necessarily raise" a federal issue. *Fire and Police Retiree Health Care Fund, San Antonio*, at 8-9.

Additionally, the FCSA "provides no federal cause of action." *New Mexico*, 323 F. Supp. 3d at 250. The fact that there is no cause of action under the FCSA itself strongly militates against the notion that state law claims relating to its subject matter necessarily implicate substantial federal questions. The "congressional determination [that] there should be no federal remedy for the violation of th[e] federal statute is tantamount to a congressional conclusion that the presence of a claimed violation of the statute as an element of a state cause of action is insufficiently [']substantial['] to confer federal-question jurisdiction." *Merrell Dow*, 478 U.S. at 814. "When we conclude that Congress has decided not to provide a particular federal remedy, we are not free to [']supplement['] that decision in a way that makes it [']meaningless.[']" *Merrell Dow Pharm.*, 478 U.S. at 812 n.10. *See also Goffney v. Bank of Am., N.A.*, 897 F. Supp. 2d 520, 527 (S.D. Tex. 2012) ("Congress's decision not to provide a private right of action under HAMP or HAFA is strong evidence that a claim alleging violations of those programs as mere elements of Texas breach of contract and TDCA claims does not create a 'substantial'

question of federal law."); *Saadat v. Landsafe Flood Determination, Inc.*, 253 Fed. Appx. 343, 344 (5th Cir. 2007) ("A complaint that alleges a violation of a federal statute as an element of a state cause of action, when there is no private cause of action under the statute, does not state a claim conferring federal question jurisdiction.") (citation omitted).

More importantly, when a claim may be supported by a federal law theory but *also* an alternative theory which would *not* require resolution of "substantial federal questions," federal jurisdiction *does not exist*. *Christianson v. Colt Industries Operating Corp.*, 486 U.S. 800, 810 (1988) (finding that if a claim is supported not only by a theory establishing federal subject matter jurisdiction but *also* by an alternative theory which would *not* establish such jurisdiction, then federal subject matter jurisdiction *does not exist*)); *PlainsCapital Bank v. Rogers*, 715 F. App'x 325, 330 (5th Cir. 2017) ("When state law provides an alternative ground for recovery, the federal issue is not 'necessarily raised.'"). Here, Plaintiffs' Petition implicates numerous statutory and common law duties arising under state law. [13] The Petition, like others asserted against the defendants elsewhere, cannot be plausibly

---

[13] *See, e.g., See* Pet. ¶241 ("Texas law imposes a hierarchy of restrictions on prescribing and dispensing drugs based on medicinal value, likelihood of addiction or abuse, and safety. . . . Tex. Health & Safety Code Ann. § 481.031 *et seq.*"); Pet. ¶ 641 ("Multiple sources impose duties on Defendants with respect to the supply of opioids, including the common law duty to exercise reasonable care. *See. e.g.*, Tex. Occ. Code Ann. § 562.056(a-1))"; Pet. ¶ 642 ("Defendants also violated provisions of the Texas Controlled Substances Act, Tex. Health & Safety Code Ann. §§ 481.001 through 481.354, which describes prohibited acts under the law and penalties for those acts. The statute makes it unlawful, for example, for any registrant or dispenser to knowingly "distribute[], deliver[], or dispense[] a controlled substance in violation of Sections 481.070-75.' Tex. Health & Safety Code Ann. § 481.128(a)(1))"; Pet. ¶ 758 ("These 'Schedule II' drugs are controlled substances with a high potential for abuse. Tex. Health & Safety Code Ann. § 481.035(b))"; Pet. ¶ 760 ("State regulations impose a non-delegable duty upon wholesale drug distributors not to 'prescribe, dispense, deliver, or administer a controlled substance or cause a controlled substance to be administered under the practitioner's direction and supervision for a valid medical purpose and in the course of medical practice.' Tex. Health & Safety Code Ann. § 481.071(a))."; Pet. ¶ 894 (Tex. Occ. Code § 562.056 (a-1)); ("Each pharmacist on duty shall be responsible for the security of the institutional pharmacy, including provisions for adequate safeguards against theft or diversion of dangerous drugs, controlled substances, and records for such drugs." 22 Tex. Admin. Code § 281.74(b)(2)(B)); ("[D]efining 'unprofessional conduct' for a pharmacist to include 'failing to establish or maintain effective controls against the diversion or loss of controlled substances or dangerous drugs…" 22 Tex. Admin. Code § 281.7(a)(23)); Pet. ¶ 1037 ("This claim is

construed as asserting claims that necessarily require resolution of substantial federal questions because it invokes many duties and requirements arising under state law. For instance, the Petition alleges that "Defendants also violated provisions of the Texas Controlled Substances Act, Tex. Health & Safety Code §§ 481.001 through 481.354, which describes prohibited acts under the law and penalties for those acts." Pet. ¶642. And the Petition alleges "Multiple sources impose duties on Defendants with respect to the supply of opioids, including the common law duty to exercise reasonable care. See, e.g., Tex. Occ. Code Ann. § 562.056 (a-1)." Pet. ¶641. As the court has found in *Delaware*, "[a]lthough the complaint addresses some duties or requirements under the FCSA, the complaint also lists several other duties and standards that arise solely under state statutory or common law," and thus "it is possible for the state law claims to be resolved solely under state law." 2018 WL 1942363, at *2. "This is not a case with an 'absence of any state law grounding for the duty that the [Plaintiffs] would need to establish for the Defendants to be liable." *Fire and Police Retiree Health Care Fund, San Antonio*, at 10 (quoting *Bd. of Commissioners of Se. Louisiana Flood Prot. Auth.-E. v. Tennessee Gas Pipeline Co., L.L.C.*, 850 F.3d 714, 723 (5th Cir.)). Thus, Defendants' argument that plaintiffs' claims "necessarily raise a stated federal issue" is incorrect and must be rejected. *See* Not. Removal at ¶55.

Defendants further fail to establish that any "federal interest" in this case is "substantial." Defendants suggested that because certain of the Texas statutes cited in the Petition incorporate federal standards, that somehow created a federal question.[14] This is simply wrong. Mere references

---

brought under the common law of negligence."); Pet. ¶ 1058 ("The Defendants' conduct set forth in this Petition, consisting of thousands of purposeful and intentional acts directed at vastly expanding the use of opioids, created a nuisance."); Pet. ¶1075 ("This claim is brought under the Texas common law of unjust enrichment."); Pet. ¶1082 ("This claim is brought under the common law of fraud and deceit. All the Defendants charged in this Claim a principals and as conspirators with each other."); Compl. ¶1105 ("Plaintiffs bring this claim under the common law providing for the civil liability of persons who conspire to commit one or more unlawful acts.").

[14] Further, nowhere in the Petition did Plaintiffs raise "a substantial federal question" or "attempt to enforce the CSA." See Not. Removal at ¶52. To be clear, Plaintiffs alleged that "Defendants have contributed substantially to the opioid crisis by selling and distributing far greater quantities of opioids

to federal laws and regulations simply "do [] not operate to unlock the federal courts." *West Virginia*, 2017 WL 357307, at *8. Here, the mere references to federal laws and regulations in the Complaint does not create a "substantial" federal question. In fact, the Supreme Court in *Merrell Dow* flatly "rejected" the "suggestion" (that had previously gained traction in some courts) that "where a state law incorporates federal law as the applicable state standard… this is enough to create federal-question jurisdiction…." *Oliver v. Trunkline Gas Co.*, 796 F.2d 86, 89 (5th Cir. 1986) (citing *Merrell Dow*, 478 U.S. at 817). *See also Mississippi ex rel. Hood v. Global Client Solutions, LLC*, No.: 3:18-cv-280, 2019 WL 4459327, at *8 ("Defendants seek to make much of the Mississippi [statutes'] reliance on federal law. This borrowing of federal law does not convert a properly pleaded state-created claim into a federal claim.") (citations omitted). In *Grable & Sons Metal Products, Inc.* 545 U.S. 308, 318, 125 S.Ct. 2363, 2365 (2005), the Supreme Court reiterated the conclusion and stated that "if the federal labeling standard without a federal cause of action could get a state claim into federal court, *so could any other federal standard without a federal cause of action*." (emphasis added). In sum, Defendants' argument must be rejected.

Even if one or more of Plaintiffs' state law claims were premised *in part* on violations of federal law, that, by itself would not be "substantial" enough to invoke federal jurisdiction. *See Mississippi ex rel. Hood v. Meritplan Ins.*, No. 3:15-cv-944, 2016 WL 8857931, at *4 (S.D. Miss. Sept. 29, 2016) ("[A]lthough the parties may ultimately litigate a federal issue in their case, that fact does not [']show that the suit, that is, the plaintiff's original cause of action, arises under the Constitution['] or the laws of the United States.") (quoting *Louisville & Nashville R.R. Co. v. Mottley*, 211 U.S. 149, 152, 29 S. Ct. 42, (1908)). *See also Budget Prepay, Inc. v. AT&T Corp.*, 605 F.3d 273, 280 (5th Cir. 2010) (finding that

---

than they know should be necessary for legitimate medical uses, while failing to report, and take steps to halt, suspicious orders when they were identified, thereby exacerbating the oversupply of such drugs and fueling an illegal secondary market." Pet. ¶70. No claim in this action arises under federal law or attempt to enforce the FCSA.

"The Supreme Court has ['] sh[ied] away from the expansive view that mere need to apply federal law in a state-law claim will suffice to open the 'arising under' door.[']" (quoting *Grable*, 545 U.S. at 313);" *In Re: Nat'l Prescription Opiate Litig.*, MDL No. 2804, Doc. No. 899, at 5-6 (N.D. Ohio Aug, 23, 2018) (finding that "the presence of a claimed violation of the statute as an element of a state cause of action is insufficiently 'substantial' to confer federal-question jurisdiction. . . . [Plaintiff] does not assert that [Defendant]'s drug labels violate the [federal statute]. However, even if they had, *Merrell Dow* instructs that this would still not be substantial enough to warrant federal question jurisdiction. Thus, as all doubts about removal should be resolved in favor of remand, the Court finds that remand in this case is proper." (quoting *Merrell Dow Pharm.*, 478 U.S. at 814). In any event, a state court "is competent to apply federal law, to the extent it is relevant," particularly, when as here, the claims pleaded are governed by state law. *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 681 (2006).

In sum, the Texas MDL Court need not "necessarily" resolve any "substantial" federal question to adjudicate Plaintiffs' claims, much less one that would rise to the level of significant public importance "substantial to the federal system as a whole" as defined in *Gunn*.

### D. The Court Should Award Plaintiffs Attorney's Fees and Costs Incurred by Responding to this Baseless Removal

The grounds upon which Defendants removed this case have been repeatedly and unanimously rejected by district courts throughout the country, including in this District. There is no reasonable likelihood that Defendants will prevail in demonstrating the existence of subject matter jurisdiction over this matter, particularly when they have failed in all previous attempts. The only possible rationale for Defendants' removal is to delay justice and prevent Plaintiffs from proceeding in the forum of their choosing. Because Defendants removed this case without any objective chance of prevailing on the merits, Plaintiffs seek costs and expenses pursuant to 28 U.S.C. § 1447(c).

Section 1447(c) permits the Court to "require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Under this standard, attorney's fees are

appropriate "where the removing party lacked an objectively reasonable basis for seeking removal [at the time removal was sought]." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005) (citing *Hornbuckle v. State Farm Lloyds*, 358 F.3d 538, 541 (5th Cir. 2004)). The Court's decision is discretionary, and "[i]t is not necessary to show that a removing defendant acted in bad faith or other ulterior motive to award attorneys' fees under Section 1447(c)." *Western Healthcare, LLC v. Nat'l Fire & Marine Ins. Co.*, No. 3:16-cv-565-L, 2016 WL 7735761, at *2 (N.D. Tex. Dec. 28, 2016) (citations omitted). "Attorney fee awards under § 1447(c) are remedial rather than punitive." *Nan Hanks & Assocs., Inc. v. Original Footwear Co., Inc.*, No. 217CV00027TLNKJN, 2018 WL 3155247, at *2 (E.D. Cal. June 26, 2018). As a result, "the district court may award fees even if removal is made in subjective good faith." *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 292 (5th Cir. 2000).

Attorney's fees are properly sought where, as here, the defendant removes the case without "objectively reasonable grounds to believe the removal was legally proper." *Valdes*, 199 F.3d 290, 293 (5th Cir. 2000). Here, Defendants had no objective basis for believing the Court has subject matter jurisdiction over this case. Defendants point to no opioid-related cases where their removal on this basis has been upheld. Rather, the only justifiable rationale for removal is delay. *See Wells Fargo Bank, NA v. Corte Freccia I, LLC*, 2009 WL 3188424, at *2 (D. Ariz. Sept. 29, 2009) (holding that fees were appropriate when "it [wa]s obvious that filing for removal was part of a larger strategy to forestall state court proceedings."). Accordingly, Plaintiffs seek attorney's fees and costs they incurred as a result of this objectively unreasonable removal.

## III. CONCLUSION

For the reasons set forth above, Plaintiffs respectfully pray that, pursuant to 28 U.S.C. § 1447(c), this action be promptly remanded to Texas state court, and that Plaintiffs be awarded attorney's fees and costs incurred as a result of CVS's baseless removal. Plaintiffs further request that the Court to set an expedited briefing schedule for this motion.

Dated: December 16, 2019                          Respectfully Submitted,

By:      /s/ Warren T. Burns
         Warren T. Burns (SBN 24053119)
         Attorney-in-charge
         SDTX Bar # 611613
         **BURNS CHAREST LLP**
         900 Jackson Street, Suite 500
         Dallas, TX 75202
         T: (469) 904-4550
         F: (469) 444-5002
         wburns@burnscharest.com

         Darren Nicholson (SBN 24032789)
         Will Thompson (SBN 24094981)
         **BURNS CHAREST LLP**
         900 Jackson Street, Suite 500
         Dallas, Texas 75202
         Main: 469-904-4550
         Fax: 469-444-5002
         dnicholson@burnscharest.com
         wthompson@burnscharest.com

         Rick Yelton III (SBN 24113469)
         Lydia A. Wright
         **BURNS CHAREST LLP**
         365 Canal Street, Suite 1170
         New Orleans, LA 70130
         Main: 504-799-2845
         Fax: 504-881-1765
         Ryelton@burnscharest.com
         Lwright@burnscharest.com

         Zona Jones (SBN 10887600)
         **HARRISON DAVIS STEAKLEY
         MORRISON JONES, P.C.**
         850 Park Street
         Beaumont, TX 77701
         PH: (409) 753-0000
         FAX: (409) 833-0075
         Zona@TheTrialLawyers.com

         Don Barrett*
         **BARRETT LAW GROUP, P.A.**
         404 Court Square North
         Lexington, MS 39095-0927
         Office: 662-834-9168
         donbarrettpa@gmail.com

Jonathan W. Cuneo
Monica Miller
Mark H. Dubester
David L. Black
Jennifer E. Kelly
Evelyn Li
**CUNEO GILBERT & LADUCA, LLP**
4725 Wisconsin Avenue, NW, Suite 200
Washington, DC 20016
Telephone: (202)789-3960
jonc@cuneolaw.com
monica@cuneolaw.com
mark@cuneolaw.com
dblack@cuneolaw.com
jkelly@cuneolaw.com
evelyn@cuneolaw.com

Steve Martino
Ruth Lichtenfeld
**TAYLOR MARTINO, P.C.**
455 St. Louis Street
Mobile, AL 36602
Telephone: (251) 433-3131
stevemartino@taylormartino.com
ruth@taylormartino.com

Attorneys for Plaintiffs

**CERTIFICATE OF SERVICE**

I hereby certify that on this 16th day of December 2019, I caused the foregoing document to be filed with the Clerk of this Court via the CM/ECF system, which will send a Notice of Electronic Filing to all counsel of record.

Dated: December 16, 2019

/s/ Warren T. Burns

Warren T. Burns (SBN 24053119)
Attorney-in-charge
SDTX Bar # 611613
**BURNS CHAREST LLP**
900 Jackson Street, Suite 500
Dallas, TX 75202
T: (469) 904-4550
F: (469) 444-5002
wburns@burnscharest.com

## CERTIFICATE OF CONFERENCE

On Friday, December 13, 2019, I called both attorney in charge David Weinstein and his associate Amanda Catalani to meet and confer about the substance in the above referenced motion. Specifically, I called at 2:35pm, 3:04pm, 3:26pm, and 5:12pm. I called again at 10:54am on Monday, December 16, 2019. At 11:02am I sent a follow-up email to Ms. Catalani, Mr. Weinstein, and all counsel who had been electronically served with the Notice of Removal and advised them that Plaintiffs would be filing the above motion. In that email, I asked them please to confirm that they were opposed to the motion or to call me to discuss. As of the time of this filing, I have not received a response and assume that this motion is opposed.

Dated: December 16, 2019

/s/ Darren Nicholson
Darren Nicholson (SBN 24032789)
**BURNS CHAREST LLP**
900 Jackson Street, Suite 500
Dallas, TX 75202
T: (469) 904-4550
F: (469) 444-5002
dnicholson@burnscharest.com