IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| DALLAS COUNTY HOSPITAL DISTRICT D/B/A PARKLAND HEALTH & HOSPITAL SYSTEM; PALO PINTO COUNTY HOSPITAL DISTRICT A/K/A PALO PINTO GENERAL HOSPITAL; GUADALUPE VALLEY HOSPITAL A/K/A GUADALUPE REGIONAL MEDICAL CENTER; VHS SAN ANTONIO PARTNERS, LLC D/B/A BAPTIST MEDICAL CENTER; VHS SAN ANTONIO PARTNERS, LLC D/B/A MISSION TRAIL BAPTIST HOSPITAL; VHS SAN ANTONIO PARTNERS, LLC D/B/A NORTH CENTRAL BAPTIST HOSPITAL; VHS SAN ANTONIO PARTNERS, LLC D/B/A NORTHEAST BAPTIST HOSPITAL; VHS SAN ANTONIO PARTNERS D/B/A ST. LUKE'S BAPTIST HOSPITAL; NACOGDOCHES MEDICAL CENTER; RESOLUTE HOSPITAL COMPANY, LLC D/B/A RESOLUTE HEALTH; THE HOSPITALS OF PROVIDENCE EAST CAMPUS; THE HOSPITALS OF PROVIDENCE MEMORIAL CAMPUS; THE HOSPITALS OF PROVIDENCE SIERRA CAMPUS; THE HOSPITALS OF PROVIDENCE TRANSMOUNTAIN CAMPUS; VHS BROWNSVILLE HOSPITAL COMPANY, LLC D/B/A VALLEY BAPTIST MEDICAL CENTER BROWNSVILLE; VHS HARLINGEN HOSPITAL COMPANY, LLC D/B/A VALLEY BAPTIST MEDICAL CENTER; ARMC, L.P. D/B/A ABILENE REGIONAL MEDICAL CENTER; COLLEGE STATION HOSPITAL, LP F/K/A COLLEGE STATION MEDICAL CENTER; GRANBURY HOSPITAL CORPORATION D/B/A LAKE GRANBURY MEDICAL CENTER; NAVARRO HOSPITAL, L.P. D/B/A NAVARRO REGIONAL HOSPITAL; BROWNWOOD HOSPITAL, L.P. D/B/A BROWNWOOD REGIONAL MEDICAL CENTER; VICTORIA OF TEXAS, L.P. D/B/A DETAR HOSPITAL NAVARRO; LAREDO TEXAS HOSPITAL COMPANY, L.P. D/B/A LAREDO MEDICAL CENTER; SAN ANGELO HOSPITAL, L.P. D/B/A SAN ANGELO | Case No. 4:19-cv-04834 |

COMMUNITY MEDICAL CENTER; CEDAR PARK HEALTH SYSTEM, L.P. D/B/A CEDAR PARK REGIONAL MEDICAL CENTER; NHCI OF HILLSBORO, INC. D/B/A HILL REGIONAL HOSPITAL; LONGVIEW MEDICAL CENTER, L.P. D/B/A LONGVIEW REGIONAL MEDICAL CENTER; AND PINEY WOODS HEALTHCARE SYSTEM, L.P. D/B/A WOODLAND HEIGHTS MEDICAL CENTER;

    Plaintiffs,

v.

AMNEAL PHARMACEUTICALS; AMNEAL PHARMACEUTICALS, INC.; TEVA PHARMACEUTICALS USA, INC.; CEPHALON, INC.; JOHNSON & JOHNSON; JANSSEN PHARMACEUTICALS, INC.; ORTHO-MCNEIL-JANSSEN PHARMACEUTICALS, INC. N/K/A JANSSEN PHARMACEUTICALS, INC.; JANSEN PHARMACEUTICA, INC. N/K/A JANSSEN PHARMACEUTICALS, INC.; ABBOTT LABORATORIES; ABBOTT LABORATORIES INC.; ASSERTIO THERAPEUTICS, INC. F/K/A DEPOMED, INC.; NORAMCO, INC.; ENDO HEALTH SOLUTIONS INC.; ENDO PHARMACEUTICALS INC.; MALLINCKRODT PLC; MALLINCKRODT LLC; SPECGX LLC; ALLERGAN PLC; WATSON LABORATORIES, INC.; ACTAVIS PHARMA, INC. F/K/A WATSON PHARMA, INC.; ACTAVIS LLC F/K/A ACTAVIS INC.; ANDA, INC.; H. D. SMITH, LLC F/K/A H. D. SMITH WHOLESALE DRUG CO.; HENRY SCHEIN, INC.; AMERISOURCEBERGEN CORPORATION; AMERISOURCEBERGEN DRUG CORPORATION; CARDINAL HEALTH, INC; MCKESSON CORPORATION; CVS HEALTH CORPORATION; CVS PHARMACY, INC.; WALGREEN CO.; WALGREENS BOOTS ALLIANCE, INC.; WALMART INC.; RICHARD ANDREWS, MD; THEODORE OKECHUKU, MD; NICOLAS PADRON, MD; CARLOS LUIS VENEGAS, MD; AND JOHN DOES 1 TO 100.

    Defendants

### PLAINTIFFS' MOTION TO STRIKE FOR FAILURE TO DISCLOSE ADVERSE AUTHORITY AND FOR EXPEDITED CONSIDERATION

Plaintiffs respectfully move this court to strike Defendant CVS Pharmacy, Inc.'s ("CVS") Notice of Removal (the "Notice") for failure to cite adverse authority (1) directly contrary to CVS's Notice, (2) where CVS was a party to case in which the adverse ruling was obtained, and (3) where CVS was represented by the same counsel as this case. The failure to cite these adverse cases in its robust removal notice is disturbing and extraordinarily serious. Plaintiffs submit that the failure to cite is flagrant enough to render the Notice improper in its entirety and that it should be stricken under Federal Rule of Civil Procedure 12(f) or the Court's inherent authority to fashion an appropriate sanction. Moreover, expedited consideration is warranted to adequately address the failure of candor to this Court and to prevent this type of conduct in the future. In further support of this motion, Plaintiffs would respectfully show the Court as follows:

1. CVS filed its Notice of Removal in this case on the ground that Plaintiffs' state law claims involve federal issues based on violations of the Controlled Substances Act ("CSA"). CVS has directly raised (or been in a case where another defendant raised) this same CSA argument several times before, and each court to have considered the argument has rejected it. Moreover, CVS was represented by Zuckerman Spaeder LLP – national counsel of record for CVS in this matter – in at least three cases where the CSA argument failed. CVS's Notice of Removal in this case does not refer to any of the opinions rejecting its CSA argument, including, in particular, the recent opinion issued in this Division by Judge Hanen.

2. Under Rule 3.03 of the Texas Disciplinary Rules of Professional Conduct, a lawyer shall not "fail to disclose to the tribunal authority in the controlling jurisdiction known to the lawyer to be directly adverse to the position of the client and not disclosed by opposing counsel." "In federal court, the 'controlling jurisdiction' is the circuit in which the district court sits." *Massey v. Prince George's Cty.*, 907 F. Supp. 138, 142 (D. Md. 1995). Courts find it "particularly disturbing" when "a litigant who

1

was an unsuccessful party to a directly relevant adverse precedent [fails] to cite that precedent to the court." *Id.*; *Matthews v. Kindred Healthcare, Inc.*, No. 05-1091-T-AN, 2005 WL 3542561, at *5 (W.D. Tenn. Dec. 17, 2005) ("Serious sanctions for the violation of the obligation to cite directly contrary authority are usually limited to cases in which the lawyer or his associates were involved in the development of the prior precedent.").

3. Courts have recognized a lawyer's duty to "bring to the attention of the deciding court another court's ruling against the lawyer's client on the same issue." *In re Bowen*, No. 12-31699-KLP, 2015 WL 5717439, at *3 (Bankr. E.D. Va. Sept. 29, 2015); *S. Pac. Transp. Co. v. Pub. Utilities Comm'n of State of Cal.*, 716 F.2d 1285, 1291 (9th Cir. 1983) (finding that counsel had a duty to inform the court of adverse authority, and "not[ing that] the law firm that represents Southern Pacific here also represented [the losing party] in that case"); *Velazquez v. Figueroa Gomez*, 783 F. Supp. 31, 35 (D.P.R. 1991) ("For defendants' attorneys, who have actual knowledge that in at least one previous occasion this court has decided the issue against them, to fail to cite and discuss these controlling precedents is too serious an oversight for this court to let it pass without an explanation.").[1]

4. For instance, in *Matthews v. Kindred Healthcare, Inc.*, the defendants removed a case, claiming that one of the defendants was fraudulently joined. *Matthews*, 2005 WL 3542561, at *1. The defendants failed to reference a previous case involving the same defendant, the same legal argument, and the same defense counsel. *Id.* at *2. The court remanded the "for the same reasons set forth in" the previous case. *Id.* at *3. The Court then ordered the defendants to show cause "why they should not be sanctioned for failing to reveal to the court authority that is directly contrary to their position." *Id.*

---

[1] *See also* Hon. Elaine Bucklo, *The Temptation Not to Disclose Adverse Authority*, Litigation, Winter 2014, at 26, 27 ("If a federal court, for example, has remanded a case to state court on the ground that the addition of a defendant destroyed diversity and that there was no evidence of fraudulent joinder, counsel may not fail to bring the authority (from either the same district judge or others in his or her district) to the attention of the deciding court in a second case.").

5. Here, CVS's Notice fails to discuss or even disclose adverse rulings against it and in which its counsel participated. These cases include:

   a. Judge Hanen's remand opinion in *Fire and Police Retiree Health Care Fund, San Antonio v. CVS Health Cop. et al.*, No. 4:19-cv-02089, Doc. No. 21 at 7 (S.D. Tex. July 24, 2019), attached as **Exhibit A**. In this case, Judge Hanen explicitly held that CVS's CSA arguments did not create federal question jurisdiction. In the Notice of Removal in that case, CVS's signature block identifies Zuckerman Spaeder LLP as counsel of record for CVS. *See Fire and Police Retiree Health Care Fund, San Antonio*, No. 4:19-cv-02089, Doc. No. 1 at 23 (S.D. Tex. June 6, 2019).

   b. Judge Polster's remand opinion in *In Re: Nat'l Prescription Opiate Litig.*, MDL No. 2804, Doc. No. 1987, July 24, 2019, attached as **Exhibit B**. There, CVS had removed the case of *Jefferson County v. Dannie Williams, M.D., et al*, No. 1:19-op-45371-DAP, Doc. No. 1 at 18 (E.D. Mo. Jan. 31, 2019, by claiming federal question jurisdiction under CSA. Judge Polster remanded that case after finding that "[t]here are no federal causes of action, and the claim of federal jurisdiction by the removing Defendant is very tenuous"). Exhibit B at 3. Again, Zuckerman Spaeder LLP is identified in the signature block for CVS in a Notice of Removal.

   c. Judge Steele's remand opinion in *DCH Health Care Authority et al v. Purdue Pharma L.P., et al.*, No. 19-cv-00756, Doc. No. 41, December 3, 2019, attached as **Exhibit C**. There, Defendant Kroger removed the case by claiming federal question jurisdiction under the CSA. Judge Steele found that "references to the CSA" "does not of itself establish that the complaint ['] necessarily raise[s][']  a federal issue." *Id.* at 4. The *DCH Health* opinion is particularly material because it is a hospital case like the present one, filed by the same plaintiffs group and counsel (including the Taylor Martino law firm), and where the Court specifically noted "**absence of jurisdiction was immediately obvious on the Court's**

3

**preliminary assessment**." *Id.* at 4 (emphasis added). Although CVS was not the movant, it is a defendant in the *DCH Health* case, it consented to the removal by Kroger under the CSA, and was again represented by Zuckerman Spaeder LLP.

6. By failing to cite to this adverse authority, in cases where CVS itself participated, CVS has attempted to convey to the Court that the question of whether federal jurisdiction exists is complex when, in fact, the legal issue has been decided against them repeatedly. All courts to have considered the issue have came to the same conclusion: no federal jurisdiction exists.

7. "The function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010). As a result, motions to strike are appropriate "even when their only purpose is to make the issues less complicated." *Ramirez v. Providence Saint John's Health Ctr. Providence Health & Servcices*, No. CV1801984ABDFMX, 2018 WL 6174711, at *2 (C.D. Cal. Sept. 18, 2018). A motion to strike is well-taken where, as here, it has the effect of "streamlining the ultimate resolution of the action." *State of Cal. ex rel. State Lands Comm'n v. United States*, 512 F. Supp. 36, 38 (N.D. Cal. 1981). By improperly withtholding adverse authority which its counsel participated in, CVS has abdicated its duty of candor to this tribunal. The appropriate remedy is to strike the pleading in its entirety under Rule 12.

8. In the alternative, the Court should use its "inherent authority to police serious misconduct" to either strike the pleading and remand the case, or to fashion whatever other remedy the Court deems appropriate. *In re: Deepwater Horizon*, 824 F.3d 571, 578 (5th Cir. 2016).

## CONCLUSION

For the reasons set forth above, Plaintiffs respectfully request that the Court strike CVS's Notice of Removal in its entirety and to enter any other order the Court deems appropriate under the cirmstances.

| | |
|---|---|
| December 16, 2019 | By:    /s/ Warren T. Burns |

                                                     Warren T. Burns (SBN 24053119)
Attorney-in-charge
SDTX Bar # 611613
**BURNS CHAREST LLP**
900 Jackson Street, Suite 500
Dallas, TX 75202
T: (469) 904-4550
F: (469) 444-5002
wburns@burnscharest.com

Darren Nicholson (SBN 24032789)
Will Thompson (SBN 24094981)
**BURNS CHAREST LLP**
900 Jackson Street, Suite 500
Dallas, Texas 75202
Main: 469-904-4550
Fax: 469-444-5002
dnicholson@burnscharest.com
wthompson@burnscharest.com

Rick Yelton III (SBN 24113469)
Lydia A. Wright
**BURNS CHAREST LLP**
365 Canal Street, Suite 1170
New Orleans, LA 70130
Main: 504-799-2845
Fax: 504-881-1765
Ryelton@burnscharest.com
Lwright@burnscharest.com

Zona Jones (SBN 10887600)
**HARRISON DAVIS STEAKLEY MORRISON JONES, P.C.**
850 Park Street
Beaumont, TX 77701
PH: (409) 753-0000
FAX: (409) 833-0075
Zona@TheTrialLawyers.com

Don Barrett*
**BARRETT LAW GROUP, P.A.**
404 Court Square North
Lexington, MS 39095-0927
Office: 662-834-9168
donbarrettpa@gmail.com

Jonathan W. Cuneo

Monica Miller
Mark H. Dubester
David L. Black
Jennifer E. Kelly
Evelyn Li
**CUNEO GILBERT & LADUCA, LLP**
4725 Wisconsin Avenue, NW, Suite 200
Washington, DC 20016
Telephone: (202)789-3960
jonc@cuneolaw.com
monica@cuneolaw.com
mark@cuneolaw.com
dblack@cuneolaw.com
jkelly@cuneolaw.com
evelyn@cuneolaw.com

Steve Martino
Ruth Lichtenfeld
**TAYLOR MARTINO, P.C.**
455 St. Louis Street
Mobile, AL 36602
Telephone: (251) 433-3131
stevemartino@taylormartino.com
ruth@taylormartino.com

Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of December 2019, I caused the foregoing document to be filed with the Clerk of this Court via the CM/ECF system, which will send a Notice of Electronic Filing to all counsel of record.

Dated: December 16, 2019                    /s/ Warren T. Burns
                                            Warren T. Burns (SBN 24053119)
                                            Attorney-in-charge
                                            SDTX Bar # 611613
                                            **BURNS CHAREST LLP**
                                            900 Jackson Street, Suite 500
                                            Dallas, TX 75202
                                            T: (469) 904-4550
                                            F: (469) 444-5002
                                            wburns@burnscharest.com

## CERTIFICATE OF CONFERENCE

On Friday, December 13, 2019, I called both attorney in charge David Weinstein and his associate Amanda Catalani to meet and confer about the substance in the above referenced motion. Specifically, I called at 2:35pm, 3:04pm, 3:26pm, and 5:12pm. I called again at 10:54am on Monday, December 16, 2019. At 11:02am I sent a follow-up email to Ms. Catalani, Mr. Weinstein, and all counsel who had been electronically served with the Notice of Removal and advised them that Plaintiffs would be filing the above motion. In that email, I asked them please to confirm that they were opposed to the motion or to call me to discuss. As of the time of this filing, I have not received a response and assume that this motion is opposed.

Dated: December 16, 2019                    /s/ Darren Nicholson
                                            Darren Nicholson (SBN 24032789)
                                            **BURNS CHAREST LLP**
                                            900 Jackson Street, Suite 500
                                            Dallas, TX 75202