UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
–Houston Division–

| | |
|---|---|
| DALLAS COUNTY HOSPITAL DISTRICT D/B/A/ PARKLAND HEALTH & HOSPITAL SYSTEM, *et al.*,<br><br>*Plaintiff*<br><br>–v–<br><br>AMNEAL PHARMACEUTICALS, *et al.*,<br><br>*Defendants.* | Case No. 4:19–cv–04834<br><br>The Honorable Keith P. Ellison |

**OPPOSITION BY DEFENDANT CVS PHARMACY, INC.
TO PLAINTIFFS' MOTION TO STRIKE**

Defendant CVS Pharmacy, Inc. ("CVS") submits this opposition to Plaintiffs' Motion to Strike for Failure to Disclosure Adverse Authority and for Expedited Consideration.

**Statement of the Nature and Stage of the Proceeding**

Plaintiffs' action, which is identical to the more than 2,600 opioid cases that have been filed in or transferred to the Multidistrict Litigation in the Northern District of Ohio, *In re National Prescription Opiate Litig.*, No. 1:17-md-2804 ("Opiate MDL"), is in its earliest stages. Plaintiffs filed their action in the Judicial District Court for Dallas County, Texas on November 20, 2019, which was tagged for transfer to the 152nd Judicial District Court of Harris County, Texas for consolidation for pre-trial

purposes with the MDL styled *In re Texas Opioid Litigation*, Docket No. 2018-63587 (the "Texas MDL") on November 27, 2019.

On December 12, 2019, CVS timely removed this case to this Court on federal question grounds. S.D. Tex., Dkt. No. 1. Following removal, CVS filed a notice with the Judicial Panel on Multidistrict Litigation ("JPML"). JPML Dkt. No. 6547. CVS expects that the JPML will issue a conditional transfer order indicating that this action should be transferred to the Opiate MDL. Once a conditional transfer order is issued, CVS intends to file a motion to stay all proceedings pending a final decision on transfer by the JPML. On December 16, 2019, Plaintiffs filed a motion to remand, S.D. Tex., Dkt. No. 5, along with their motion to strike the notice of removal, S.D. Tex., Dkt. No. 6.

## Statement of the Issues to be Ruled Upon by the Court

The issue for the Court is whether to strike CVS's removal notice based on an alleged failure to disclose adverse authority in the notice itself. But a removal notice is not the appropriate vehicle for addressing adverse authority. The outlier authorities that Plaintiffs cite will be addressed, if at all, in the briefing on Plaintiffs' motion to remand, which CVS will oppose, and in CVS's motion to stay, which will be filed in the near term. In any event, a motion to strike is not the proper method of challenging a case's removal to federal court—that is done through a motion to remand (which Plaintiffs have already filed). Accordingly, Plaintiffs' motion should be denied.

**Argument**

Rule 12(f) of the Federal Rules of Civil Procedure provides that the Court "may order stricken from any ***pleading*** any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f) (emphasis added). "Pleadings," include complaints and answers—not notices of removal. Fed. R. Civ. P. 7. Accordingly, Rule 12(f) provides no mechanism to "strike" a notice of removal and Plaintiffs cite no authority for their motion. Their motion should be denied on this basis alone.

Even if motions to strike applied to removal notices, "[m]otions to strike are generally disfavored," *Chicca* v. *St. Luke's Episcopal Health System*, 2012 WL 651776, at *1 (S.D. Tex., Feb. 27, 2012) (Ellison, J.), and are "infrequently granted," *FDIC* v. *Niblo*, 821 F. Supp. 441, 449 (N.D. Tex. 1993).

Plaintiffs argue that this Court should strike CVS's removal notice "in its entirety," Mot. to Strike at 4, "for failure to cite adverse authority (1) directly contrary to CVS's Notice, (2) where CVS was a party to case [sic] in which the adverse ruling was obtained, and (3) where CVS was represented by the same counsel as this case." *Id*. at 1. Yet a removing party is required only to provide in its removal notice "a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). Just as a complaint does not include a full-blown opposition to an anticipated motion to dismiss, a notice of removal does not include a full-blown opposition to an anticipated motion to remand.

3

Plaintiffs argue that CVS failed to disclose that Judge Andrew Hanen remanded *Fire and Police Retiree Health Care Fund, San Antonio* v. *CVS Health Corp., et al.*, No. 4:19-cv-02089, as well as other opioid cases that have been remanded by courts outside of the Fifth Circuit. But Plaintiffs' arguments should be disregarded.

First, CVS was not required to delve into authority bearing on Plaintiffs' jurisdictional arguments in its removal notice. Those cases will be addressed, if at all, in briefing on Plaintiffs' motion to remand, which CVS will oppose. CVS also intends to file a motion to stay proceedings pending a decision on transfer to the Opiate MDL by the JPML once a conditional transfer order is issued for this case. Multiple judges of this Court have granted such motions to stay in prescription opioid cases under identical circumstances.

Ironically, Plaintiffs' motion suffers from the very deficiency that Plaintiffs' themselves allege—a lack of candor. Plaintiffs argue that CVS's Notice of Removal should be stricken because CVS failed to disclose Judge Hanen's remand opinions in two opioid cases removed to this Court; however, Plaintiffs fail to point out that ***eight*** other opioid actions have been removed to this court under nearly identical theories and stayed by ***five different*** judges of this Court pending a final transfer decision by the JPML. And two of those cases were stayed by Chief Judge Rosenthal in fully reasoned opinions that she issued *after* Judge Hanen remanded the *San Antonio* case. Chief Judge Rosenthal recognized that a stay would promote judicial economy, and further observed that: "Other cases consolidated before the MDL transferee court in Ohio present similar removal issues, making a stay appropriate to avoid duplicative

4

litigation of those issues, to improve judicial economy, and to reduce the risk of inconsistent results." *County of Jim Hogg* v. *Purdue Pharma, L.P.*, No. 4:19-cv-02816 (S.D. Tex. Sept. 4, 2019), Dkt. No. 11 at 3, Exhibit 1; *see also County of Jim Wells* v. *Purdue Pharma, L.P.*, No. 4:19-cv-03580 (S.D. Tex. Oct. 4, 2019), Dkt. No. 8 at 3, Exhibit 2. Judge Rosenthal further opined that the "hardship to CVS if a stay is not granted is the exposure to inconsistent results in similar cases, requiring it to engage in duplicative litigation." *Id*. In other words, Plaintiffs fail to point out that Judge Hanen's decision to remand *Fire and Police Retiree Health Care Fund* and *Johnson County* are outlier decisions.

But, again, these points can be debated in briefing on Plaintiffs' motion to remand and CVS's forthcoming motion to stay. These are *not* authorities that ever would be addressed in a notice of removal.

## Conclusion

For the reasons set forth above, Plaintiffs' Motion to Strike is improper and should be denied.

Date:   December 23, 2019              Respectfully submitted,

                                       By:  */s/ David B. Weinstein*
                                       David B. Weinstein
                                       Texas Bar No. 21096400
                                       S.D. No. 4329
                                       Attorney-In-Charge
                                       WEINSTEIN TIPPETTS & LITTLE LLP
                                       7500 San Felipe Street, Suite 500
                                       Houston, Texas 77063
                                       Tel: (713) 244-0800
                                       Fax: (713) 244-0801
                                       david.weinstein@wtllaw.com

Of Counsel:

WEINSTEIN TIPPETTS & LITTLE LLP
Matthew E. Coveler
State Bar No. 24012462
S.D. No. 24130
matthew.coveler@wtllaw.com
Amanda L. Catalani
State Bar No. 24101602
S.D. No. 3299063
amanda.catalani@wtllaw.com

ZUCKERMAN SPAEDER LLP
Conor B. O'Croinin*
Daniel P. Moylan*
J. Michael Pardoe*
100 East Pratt Street, Suite 2440
Baltimore, MD 21202-1031
Tel: (410) 332-0444
Fax: (410) 659-0436
cocroinin@zuckerman.com
dmoylan@zuckerman.com
mpardoe@zuckerman.com

*Denotes national counsel who will seek pro hac vice admission*

**Attorneys for Defendants CVS Pharmacy, Inc. and CVS Health Corporation**

## Certificate of Service

In accordance with Rule 5 of the Federal Rules of Civil Procedure and Local Rule 5.3, I certify that this response was served on all parties via the Court's CM/ECF system.

/s/ David B. Weinstein
David B. Weinstein