IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| DALLAS COUNTY HOSPITAL DISTRICT D/B/A PARKLAND HEALTH & HOSPITAL SYSTEM. *et al.*; <br>                  Plaintiffs, <br><br> v. <br><br> AMNEAL PHARMACEUTICALS, *et al.*. <br><br>                  Defendants. | Case No. 4:19-cv-04834 <br><br> The Honorable Keith P. Ellison |

## **PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION TO STRIKE**

Defendant CVS Pharmacy, Inc.'s Opposition to Plaintiffs' Motion to Strike for Failure to Disclose Adverse Authority is without merit and, remarkably, does not dispute the fundamental issues presented by Plaintiffs' Motion:

- CVS does not dispute that there is adverse authority (1) directly contrary to CVS's removal, (2) where CVS was a party to case in which the adverse ruling was obtained, and (3) where CVS was represented by the same counsel as this case.

- CVS does not dispute that **every** federal court that has considered CVS's argument has rejected it and found that no federal jurisdiction exists.

- CVS does not dispute that it has an affirmative duty of candor to the tribunal and that it failed to cite this adverse authority in its notice of removal.

- CVS does not dispute that the Court has the inherent authority to craft an appropriate sanction, including striking the notice of removal. *In re: Deepwater Horizon*, 824 F.3d 571, 578 (5th Cir. 2016).[1]

---

[1] CVS also argues that a notice of removal does not qualify as a pleading within the meaning of Rule 12(f). Plaintiffs acknowledge that at least one federal court in Texas has held that a notice of removal is not a pleading for purposes of a motion to strike. *See NexBank, SSB v. Bank Midwest, N.A.*, No. 3:12-CV-1882-D, 2012 WL 4321750, at *2 (N.D. Tex. Sept. 21, 2012). "However, a 'motion to strike' materials that are not part of the pleadings may be regarded as an 'invitation' by the movant 'to consider whether [proffered material] may properly be relied upon.'" *Nat. Res. Def. Council v. Kempthorne*, 539 F. Supp. 2d 1155, 1162 (E.D. Cal. 2008) (quoting *United States v. Crisp*, 190 F.R.D. 546, 551 (E.D. Cal. 1999)). If the Court finds that CVS's notice of removal is not a pleading under Rule 7(a), Plaintiffs

In its Opposition, CVS first argues that it was "not required to delve into authority bearing on Plaintiffs' jurisdictional arguments in its notice of removal" because a removing party "is required only to provide in its removal notice 'a short and plain statement of the grounds for removal.' 28 U.S.C. § 1446(a)." Opposition at 3-4. Putting aside that CVS cites no case for the proposition that Section 1446(a) provides an exception to the duty of candor under Texas Disciplinary Rule 3.03 (or any other rule of ethics), CVS did not file a "short and plain statement for the grounds for removal." Rather, CVS filed a 42 page brief replete with case law and statutory citations that, by deliberate omission, conveyed a false impression. Moreover, this omission on CVS's part was particularly egregious because CVS was the unsuccessful party in the omitted cases and was represented by the same counsel. These are the precise circumstances that courts find "particularly disturbing" and warranting "[s]erious sanctions." *Massey v. Prince George's Cty.*, 907 F. Supp. 138, 142 (D. Md. 1995); *Matthews v. Kindred Healthcare, Inc.*, No. 05-1091-T-AN, 2005 WL 3542561, at *5 (W.D. Tenn. Dec. 17, 2005); *see also In re DePugh*, 409 B.R. 125, 143 (Bankr. S.D. Tex. 2009) ("It is unfathomable to this Court that counsel for Roundup's legal research turned up opinions from the First, Second, Third, Fifth, Sixth, Seventh, Eighth, Ninth, Tenth, and Eleventh Circuits . . . but not the opinions from this Court or the District Court for the Southern District of Texas.")

CVS's only other argument is that five other judges in this district have granted motions to stay pending transfer to the Opiate MDL in Ohio, deferring any remand decision to the MDL court. CVS relies heavily on an opinion from Chief Judge Rosenthal who granted such a stay, noting the need to "reduce the risk of inconsistent results." Opposition at 5. This, of course, is what makes CVS's failure to cite its own adverse opinions so serious. **Every court that has addressed CVS's**

---

request that the Court view their Motion as an invitation to consider whether CVS acted improperly by failing to disclose adverse authority and, if so, whether, CVS's notice of removal can be properly relied upon.

**jurisdictional argument – <u>including the MDL Court</u> – has rejected it.** There are no "inconsistent rulings." There is only a bad-faith argument that is being advanced for the purpose of creating procedural delay.

## CONCLUSION

For the reasons set forth above, Plaintiffs respectfully request that the Court strike CVS's Notice of Removal in its entirety and to enter any other order the Court deems appropriate under the circumstances.

December 30, 2019          By:      /s/ Warren T. Burns
                                                                       Warren T. Burns (SBN 24053119)
                                                                       Attorney-in-charge
                                                                       SDTX Bar # 611613
                                                                       **BURNS CHAREST LLP**
                                                                       900 Jackson Street, Suite 500
                                                                       Dallas, TX 75202
                                                                       T: (469) 904-4550
                                                                       F: (469) 444-5002
                                                                       wburns@burnscharest.com

                                                                       Darren Nicholson (SBN 24032789)
                                                                       SDTX Bar #1561630
                                                                       Will Thompson (SBN 24094981)
                                                                       SDTX Bar # 2809145
                                                                       **BURNS CHAREST LLP**
                                                                       900 Jackson Street, Suite 500
                                                                       Dallas, Texas 75202
                                                                       Main: 469-904-4550
                                                                       Fax: 469-444-5002
                                                                       dnicholson@burnscharest.com
                                                                       wthompson@burnscharest.com

                                                                       Rick Yelton III (SBN 24113469)
                                                                       Lydia A. Wright
                                                                       **BURNS CHAREST LLP**
                                                                       365 Canal Street, Suite 1170
                                                                       New Orleans, LA 70130
                                                                       Main: 504-799-2845
                                                                       Fax: 504-881-1765
                                                                       Ryelton@burnscharest.com
                                                                       Lwright@burnscharest.com

Zona Jones (SBN 10887600)
**HARRISON DAVIS STEAKLEY MORRISON JONES, P.C.**
850 Park Street
Beaumont, TX 77701
PH: (409) 753-0000
FAX: (409) 833-0075
Zona@TheTrialLawyers.com

Don Barrett*
**BARRETT LAW GROUP, P.A.**
404 Court Square North
Lexington, MS 39095-0927
Office: 662-834-9168
donbarrettpa@gmail.com

Jonathan W. Cuneo
Monica Miller
Mark H. Dubester
David L. Black
Jennifer E. Kelly
Evelyn Li
**CUNEO GILBERT & LADUCA, LLP**
4725 Wisconsin Avenue, NW, Suite 200
Washington, DC 20016
Telephone: (202)789-3960
jonc@cuneolaw.com
monica@cuneolaw.com
mark@cuneolaw.com
dblack@cuneolaw.com
jkelly@cuneolaw.com
evelyn@cuneolaw.com

Steve Martino
Ruth Lichtenfeld
**TAYLOR MARTINO, P.C.**
455 St. Louis Street
Mobile, AL 36602
Telephone: (251) 433-3131
stevemartino@taylormartino.com
ruth@taylormartino.com

Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of December 2019, I caused the foregoing document to be filed with the Clerk of this Court via the CM/ECF system, which will send a Notice of Electronic Filing to all counsel of record.

Dated: December 30, 2019                          /s/ Warren T. Burns
                                                                        Warren T. Burns (SBN 24053119)
Attorney-in-charge
SDTX Bar # 611613
**BURNS CHAREST LLP**
900 Jackson Street, Suite 500
Dallas, TX 75202
T: (469) 904-4550
F: (469) 444-5002
wburns@burnscharest.com