**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
–Houston Division–**

| | |
|---|---|
| DALLAS COUNTY HOSPITAL DISTRICT D/B/A/ PARKLAND HEALTH & HOSPITAL SYSTEM, *et al.* <br><br> *Plaintiff* <br><br> –v– <br><br> AMNEAL PHARMACEUTICALS, *et al.*, <br><br> *Defendants.* | Case No. 4:19–cv–04834 <br><br> The Honorable Keith P. Ellison |

**MEMORANDUM IN SUPPORT CVS PHARMACY, INC.'S MOTION
FOR A TEMPORARY STAY
PENDING LIKELY TRANSFER TO MULTIDISTRICT LITIGATION**

# TABLE OF CONTENTS

TABLE OF CONTENTS ...................................................................................................... i
TABLE OF AUTHORITIES ............................................................................................... ii
MEMORANDUM IN SUPPORT ........................................................................................ 1
    I.    Statement of the Nature and Stage of the Proceeding ........................ 1
    II.   Statement of the Issues to be Ruled upon by the Court ....................... 3
    III.  Background ........................................................................................ 4
    IV.  Summary of the Argument ................................................................. 5
    V.   Argument ............................................................................................ 6
    VI.  Conclusion ....................................................................................... 12
CERTIFICATE OF SERVICE ........................................................................................... 14
INDEX OF EXHIBITS ....................................................................................................... 15

## TABLE OF AUTHORITIES

**CASES**

*Ayers* v. *ConAgra Foods, Inc.*,
  2009 WL 982472 (S.D. Tex. Apr. 9, 2009) ................................................................... 6

*City of Eagle Pass* v. *Purdue Pharma L.P.*,
  No. 2:18-cv-00051 (W.D. Tex. Aug. 9, 2018) ............................................................... 2

*City of Laredo* v. *Purdue Pharma L.P.*,
  No. 5:18-cv-00118 (S.D. Tex. Aug. 9, 2018);................................................................ 2

*County of Duval* v. *Purdue Pharma L.P.*,
  No. 4:19-cv-02504 (S.D. Tex. July 26, 2019) ........................................................... 2, 9

*County of Jim Hogg* v. *Purdue Pharma, L.P.*,
  No. 4:19-cv-02816 (S.D. Tex. Sept. 4, 2019)......................................................... passim

*County of Jim Wells* v. *Purdue Pharma, L.P.*,
  No. 4:19-cv-03580 (S.D. Tex. Oct. 4, 2019).......................................................... passim

*County of Montgomery* v. *Purdue Pharma L.P.*,
  No. 4:17-cv-03756 (S.D. Tex. Dec. 13, 2017) ............................................................... 2

*County of Summit, Ohio* v. *Purdue Pharma L.P.*,
  MDL No. 17-md-2804, Case No. 1:18-op-45090............................................................ 4

*County of Walker* v. *Abbott Labs.*,
  No. 4:19-cv-01767 (S.D. Tex. May 14, 2019).......................................................... 8, 15

*County of Walker* v. *OptumRx, Inc.*,
  No 4:19-cv-01767 (S.D. Tex. July 15, 2019) ................................................................. 2

*County of Webb* v. *Purdue Pharma L.P.*,
  No. 5:18-cv-00011 (S.D. Tex. Jan. 25, 2018) ................................................................ 2

*County of Zavala* v. *Purdue Pharma L.P.*,
  No. 2:18-cv-00052 (W.D. Tex. Aug. 9, 2018) ............................................................... 2

*Davis* v. *Wyeth*,
  2003 WL 23119734 (N.D. Tex. Nov. 13, 2003) ............................................................ 3

*El Campo Mem'l Hosp' & W. Wharton Cnty. Hosp. Dist.* v. *McKesson Corp.*,
  No. 4:18-cv-00751 (S.D. Tex. Mar. 8, 2018) ................................................................ 2

*Ellis County* v. *Walgreens Boot Alliance Inc.*,
 No. 4:19-cv-02256 (S.D. Tex. July 24, 2019) .................................................................. 2

*Gonzales Healthcare Sys.* v. *McKesson Corp.*,
 No. 1:18-cv-45867 (N.D. Tex. July 24, 2018) .................................................................. 2

*Halliburton Energy Serv.s, Inc.* v. *BP Expl. & Prod. Inc.*,
 2012 WL 149525 (S.D. Tex. Jan. 18, 2012) ................................................................ 5, 11

*Harleaux* v. *Wyeth*,
 No. H-02-2221 (S.D. Tex. 2002) ...................................................................................... 3

In *Ellis County* v. *Walgreens Boot Alliance, Inc.*,
 No. 4:19-cv-02256 (S.D. Tex. July 24, 2019) .............................................................. 9, 15

*In re Nat'l Prescription Opiate Litig.*,
 290 F. Supp. 3d 1375 (J.P.M.L. 2017) ........................................................................ 1, 10

*In rel Silica Products Liability Litigation*,
 398 F. Supp. 2d 563, (S.D. Tex. 2005) ............................................................................ 11

*Johnson County* v. *Purdue Pharma, L.P.*,
 No. 4:19-cv-01637 (S.D. Tex. May 3, 2019) ............................................................... 8, 15

*Kaufman County* v. *Purdue Pharma L.P.*,
 No. 3:18-cv-02270-M (N.D. Tex. Aug. 27, 2018) ............................................................ 2

*Kentucky* v. *McKesson Corp.*,
 No. 3:18-cv-00010 (E.D. Ky., Apr. 12, 2018) ........................................................... 10, 15

*Landis* v. *N. Am. Co.*,
 299 U.S. 248 (1936) .......................................................................................................... 3

*Trahan* v. *BP, PLC*,
 2010 WL 4065602 (S.D. Tex. Oct. 15, 2010) ................................................................... 6

**TREATISES**

Manual for Complex Litigation (Fourth) § 22.35 ............................................................. 6

**MEMORANDUM IN SUPPORT**

Defendant CVS Pharmacy, Inc. submits this memorandum in support of its motion for a temporary stay of these proceedings until the Judicial Panel on Multidistrict Litigation's final decision whether to transfer this action to the Multidistrict Litigation in the Northern District of Ohio, *In re National Prescription Opiate Litig.*, No. 1:17-md-2804 ("Opiate MDL").

**I.   STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDING**

Plaintiffs' newly filed action is one of more than 2,300 opioid lawsuits filed by government entities and hospitals against various defendants including manufacturers, distributors, and prescribers of prescription opioid medications. Plaintiffs contend that Defendants have violated duties that arise under federal law to monitor suspicious orders of prescription opiates, and as a result, are "liable for the damages flowing from the conspiracy." Petition at ¶ 1133.

On December 5, 2017, the JPML created the Opiate MDL for cases similar to this one: cases in which "cities, counties and states . . . allege that: (1) manufacturers of prescription opioid medications overstated the benefits and downplayed the risks of the use of their opioids and aggressively marketed . . . these drugs to physicians, and/or (2) distributors failed to monitor and report suspicious orders of prescription opiates." *In re Nat'l Prescription Opiate Litig.*, 290 F. Supp. 3d 1375, 1378-79 (J.P.M.L. 2017). To date, more than 2,300 actions have been transferred to, or filed in, the Opiate MDL, including multiple cases from the

United States District Courts in Texas.[1] As new cases are filed, the JPML continues to transfer to the Opiate MDL actions just like this one. Plaintiffs' Petition is no different than the complaints filed in, or transferred to, the Opiate MDL.

Plaintiffs' Petition is also substantively identical to ***eight*** cases removed to this Court and stayed by ***five different*** judges of this Court pending a final transfer decision by the JPML. These cases are as follows:

  a. *Rockwall County* v. *CVS Health Corporation*, No. 4:19-cv-2181 (S.D. Tex. July 4, 2019) (Gilmore, J.) [Exhibit 1];

  b. *County of Walker* v. *OptumRx, Inc.*, No 4:19-cv-01767 (S.D. Tex. July 15, 2019) (Hughes, J.) [Exhibit 2];

  c. *Ellis County* v. *Walgreens Boot Alliance Inc.*, No. 4:19-cv-02256 (S.D. Tex. July 24, 2019) (Hittner, J.) [Exhibit 3];

  d. *County of Duval* v. *Purdue Pharma L.P.*, No. 4:19-cv-02504 (S.D. Tex. July 26, 2019) (Hittner, J.) [Exhibit 4];

  e. *Jim Hogg County* v. *Purdue Pharma L.P.*, No. 4:19-cv-02816 (S.D. Tex. Sept. 4, 2019) (Rosenthal, C.J.) [Exhibit 5];

  f. *Jim Wells County* v. *Purdue Pharma L.P.*, No. 4:19-cv-03580 (S.D. Tex. Oct. 4, 2019) (Rosenthal, C.J.) [Exhibit 6];

  g. *County of Williamson* v. *Walgreens Boots Alliance*, No. 4:19-cv-03299 (S.D. Tex., Oct. 29, 2019) (Hughes, J.) [Exhibit 7]; and

---

[1] *See, e.g., County of Walker* v. *OptumRx, Inc.*, No 4:19-cv-01767 (S.D. Tex. July 15, 2019) (Hughes, J.); *Kaufman County* v. *Purdue Pharma L.P.*, No. 3:18-cv-02270-M (N.D. Tex. Aug. 27, 2018); *Gonzales Healthcare Sys.* v. *McKesson Corp.*, No. 1:18-cv-45867 (N.D. Tex. July 24, 2018); *City of Eagle Pass* v. *Purdue Pharma L.P.*, No. 2:18-cv-00051 (W.D. Tex. Aug. 9, 2018); *El Campo Mem'l Hosp' & W. Wharton Cnty. Hosp. Dist.* v. *McKesson Corp.*, No. 4:18-cv-00751 (S.D. Tex. Mar. 8, 2018); *City of Laredo* v. *Purdue Pharma L.P.*, No. 5:18-cv-00118 (S.D. Tex. Aug. 9, 2018); *County of Montgomery* v. *Purdue Pharma L.P.*, No. 4:17-cv-03756 (S.D. Tex. Dec. 13, 2017); *County of Webb* v. *Purdue Pharma L.P.*, No. 5:18-cv-00011 (S.D. Tex. Jan. 25, 2018); *County of Zavala* v. *Purdue Pharma L.P.*, No. 2:18-cv-00052 (W.D. Tex. Aug. 9, 2018).

> h. *County of Angelina* v. *Allergan PLC*, No. 4:19-cv-03590 (S.D. Tex., Dec. 2, 2019) (Hoyt, J.) [Exhibit 8].

The sheer quantity of this Court's stay orders compels the same outcome in this action. As does this Court's reasoning: In staying two of those cases, Chief Judge Rosenthal recently observed that, given the similarity of the issues raised by these matters, staying these cases is "appropriate to avoid duplicative litigation of those issues, to improve judicial economy, and to reduce the risk of inconsistent results." *County of Jim Hogg* v. *Purdue Pharma, L.P.*, No. 4:19-cv-02816 (S.D. Tex. Sept. 4, 2019), Dkt. No. 11 at 3, Exhibit 5; *see also County of Jim Wells* v. *Purdue Pharma, L.P.*, No. 4:19-cv-03580 (S.D. Tex. Oct. 4, 2019), Dkt. No. 8 at 3, Exhibit 6.

**II.     STATEMENT OF THE ISSUES TO BE RULED UPON BY THE COURT**

The sole issue for the court is whether to follow the lead of Rosenthal, C.J., Hoyt, J., Hughes, J., Gilmore, J., and Hittner, J. and to briefly stay the case until the JPML considers whether to finalize its order transferring this action to the Opiate MDL. The Court's power to stay proceedings is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis* v. *N. Am. Co.*, 299 U.S. 248, 254 (1936). "The decision whether to stay proceedings is discretionary and the exercise of discretion is guided by the policies of justice and efficiency." *Davis* v. *Wyeth*, 2003 WL 23119734, at *3 (N.D. Tex. Nov. 13, 2003) (quoting *Harleaux* v. *Wyeth*, No. H-02-2221 (S.D. Tex. 2002)).

### III. BACKGROUND

On November 20, 2019, Plaintiffs filed *Dallas County Hospital District, et al.* v. *Amneal Pharmaceuticals, LLC, et al.*, in the 162nd Judicial District Court for Dallas County, Texas. The Dallas County state court assigned the case Docket No. DC1918635. On November 27, 2019, CVS filed a Notice of Tag-Along Transfer case, transferring the case to the 152nd Judicial District Court of Harris County, Texas for consolidation for pre-trial purposes with the MDL styled *In re Texas Opioid Litigation*, Docket No. 2018-63587 ("Texas MDL"). The Harris County state court assigned the case Texas MDL Pretrial Cause No. 2019-85177.

Plaintiffs bring claims for negligence, public nuisance, unjust enrichment, common law fraud, and civil conspiracy. The allegations set forth in Plaintiffs' Petition resemble those asserted in nearly all of the complaints filed in the Opiate MDL. In fact, the allegations are nearly identical to those asserted in *County of Summit, Ohio* v. *Purdue Pharma L.P.*, MDL No. 17-md-2804, Case No. 1:18-op-45090, a bellwether case that is currently being litigated in the Opiate MDL.

The thrust of Plaintiffs' Petition is that the "Marketing Defendants and Purdue[]" worked to "dramatically increase sales by convincing doctors to prescribe opioids . . . for common chronic pain . . . . even though they knew that opioids were addictive and subject to abuse . . . ." Pet. at ¶ 26. Plaintiffs contend that these allegedly improper marketing activities caused the "Supply Chain Defendants . . . . [to] ignor[e] their legal responsibilities, and flood[] affected areas while knowing that they were contributing to, or profiting from, widespread opioid dependence . . . ." *Id.* at ¶ 27. Based on these allegations, Plaintiffs claim injuries

4

caused "by paying the costs of Defendants' externalities and . . . for the costs of providing and using opioids long term to treat chronic pain." *Id.* at ¶ 1121.

Defendant CVS removed this case on federal question grounds on December 12, 2019. S.D. Tex. Dkt. No. 1.[2] Following removal, Cardinal Health filed a notice with the JPML tagging this case for transfer to the Opiate MDL. *See* JPML Dkt. No. 6547. Based on that notice, the JPML issued a conditional transfer order, indicating that the case should be transferred because it appears to "involve questions of fact that are common to the actions previously transferred to the Northern District of Ohio and assigned to Judge Polster." JPML Dkt. No. 6587 ("Conditional Transfer Order") [Exhibit 9]. The JPML is now poised to consider whether to finalize its transfer order. In the meantime, Plaintiffs filed a motion to remand on December 16, 2019. S.D. Tex. Dkt. No. 5.

## IV.   SUMMARY OF THE ARGUMENT

This Court should adopt the reasoning of Chief Judge Rosenthal in the nearly-identical cases of *Jim Hogg* and *Jim Wells*. This Court routinely stays proceedings in cases that have been conditionally transferred by the JPML to an established MDL. *E.g.*, *Halliburton Energy Serv.s, Inc.* v. *BP Expl. & Prod. Inc.*, 2012 WL 149525 (S.D. Tex. Jan. 18, 2012) (granting stay of proceedings so that the JPML could consider whether the case should be transferred to the MDL). "A stay pending the Panel's decision can increase efficiency and consistency, particularly when the transferor court believes that a transfer order is likely and when the pending

---

[2] "JPML Dkt." refers to the JPML's docket in *In re National Prescription Opiate Litigation*, MDL No. 2804 (J.P.M.L.), and "S.D. Tex. Dkt." refers to this Court's docket in this action.

5

motions raise issues likely to be raised in other cases as well." Manual for Complex Litigation (Fourth) § 22.35 (2004). The JPML is likely to finalize its order transferring this action at its hearing in March 2020. And the removal and remand issues raised by this case already are pending before Judge Polster in the Opiate MDL. Accordingly, a temporary stay is warranted.

V. ARGUMENT

In situations involving a pending transfer decision by the JPML, this Court has recognized that "judicial economy is served by a stay pending transfer [to an MDL] if the issues involved in the remand motion are likely to arise in the cases that have been or will be transferred to the MDL transferee court." *Ayers* v. *ConAgra Foods, Inc.*, 2009 WL 982472, at *1 (S.D. Tex. Apr. 9, 2009). This Court routinely elects to stay cases pending a final transfer decision to an MDL. *See, e.g.*, *Nguyen* v. *BP Expl. & Prod. Inc.*, 2010 WL 3169316 (S.D. Tex. Aug. 9, 2010) (same); *Anderson* v. *Merck & Co.*, 2007 WL 43770 (S.D. Tex. Jan. 5, 2007) (same); *Trahan* v. *BP, PLC*, 2010 WL 4065602 (S.D. Tex. Oct. 15, 2010) (same); *Ayers*, 2009 WL 982472 (denying motion to remand without prejudice in light of the stay order pending the JPML's final transfer decision).

The rationale for staying remand proceedings in this situation is straightforward: if the JPML transfers a case to the MDL, the transferee judge can rule on all of the pending motions that present the same issue. If the JPML does not transfer this case, this Court can address the remand motion at that time. The JPML is likely to finalize its order transferring this action. And the removal and

6

remand issues raised by this case already are pending in the Opiate MDL. Accordingly, a temporary stay is warranted.

In determining whether a stay is appropriate, this Court considers three factors: "(1) the potential prejudice to Plaintiffs from a brief stay; (2) the hardship to [the moving party] if the stay is denied; and (3) the judicial efficiency in avoiding duplicative litigation . . . ." *Nguyen*, 2010 WL 3169316, at *1. Because the last factor—judicial economy—is the most relevant factor to this motion, CVS will address the factors in reverse order.

*First*, a stay would promote judicial economy because it would conserve the parties' resources, avoid duplicative litigation, and prevent inconsistent rulings. In *Anderson*, this Court recognized the importance of avoiding duplicative rulings on similar issues in cases pending transfer to an MDL. *Anderson*, 2007 WL 43770, at *1. In issuing a stay, this Court recognized that the remand issues involved in the case were common to jurisdictional issues currently pending in other cases in the MDL. *Id*. Consequently, the Court held that "[s]taying this case in order to give the MDL court the opportunity to transfer it would promote judicial efficiency and help to avoid the possibility of inconsistent decisions." *Id*.

That is the situation here. The jurisdictional issue presented in this case— whether removal under federal question was proper—has already arisen in cases that have been transferred to the Opiate MDL. Indeed, federal district courts in scores of opioid-related cases that were removed solely on federal question grounds or federal question and other grounds have stayed proceedings for a brief period of

7

time to allow the JPML time to decide whether to transfer the case to the Opiate MDL. *See* Exhibit 10 (listing federal question removed cases).

In *Jim Hogg County* v. *Purdue Pharma L.P.*, No. 4:19-cv-02816 (S.D. Tex. Sept. 4, 2019) [Exhibit 5] and *Jim Wells County* v. *Purdue Pharma L.P.*, No. 4:19-cv-03580 (S.D. Tex. Oct. 4, 2019) [Exhibit 6], Chief Judge Rosenthal recognized that a stay would promote judicial economy, and further observed that: "Other cases consolidated before the MDL transferee court in Ohio present similar removal issues, making a stay appropriate to avoid duplicative litigation of those issues, to improve judicial economy, and to reduce the risk of inconsistent results."  Judge Rosenthal further opined that the "hardship to CVS if a stay is not granted is the exposure to inconsistent results in similar cases, requiring it to engage in duplicative litigation."[3]

In addition, Judge Hughes recently issued a stay in *County of Walker* v. *Abbott Labs.*, No. 4:19-cv-01767 (S.D. Tex. May 14, 2019) . There, defendants removed the case under the Class Action Fairness Act and plaintiff moved for remand. After the defendants moved to stay, this Court entered an order staying the case "pending the

---

[3] In decisions that predated *Jim Hogg* and *Jim Wells*, Judge Hanen parted company with Judge Hughes, Judge Gilmore, and Judge Hittner and remanded two prescription opioid actions: *Johnson County* v. *Purdue Pharma, L.P.*, No. 4:19-cv-01637 (S.D. Tex. May 3, 2019) [Exhibit 11] and *Fire and Police Retiree Health Care Fund* v. *CVS Health Corporation*, No. 4:19-cv-02089 (S.D. Tex. June 7, 2019) [Exhibit 12]. By far—both in this Court and elsewhere—the more common approach has been to allow conditionally transferred cases to transfer to the MDL so that Judge Polster can resolve all removal questions at once. Notably, Chief Judge Rosenthal was well aware of Judge Hanen's remand orders when she issued her stay orders in *Jim Hogg* and *Jim Wells*. *See* Briefing in *Jim Wells County v. Purdue Pharma L.P.,* No. 4:19-cv-03580 (S.D. Tex. Oct. 4, 2019), Dkt. No. 7, and *Jim Hogg County* No. 4:19-cv-02816 (S.D. Tex. Sept. 4, 2019), Dkt. No. 7. Because there is now an unbroken line of stay orders since Judge Hanen's decisions, the approach urged by Plaintiffs invites further inconsistency.

final transfer determination of the Judicial Panel on Multidistrict Litigation." Exhibit 7. Judge Hughes later granted a nearly identical motion to stay in *County of Williamson* v. *Walgreens Boots Alliance, et al.*, No. 4:19-cv-03299 (S.D. Tex., Oct. 29, 2019) [Exhibit 8]. In *Ellis County* v. *Walgreens Boot Alliance, Inc.*, No. 4:19-cv-02256 (S.D. Tex. July 24, 2019) (Hittner, J.), defendants removed the case on CAFA and federal question grounds and plaintiff moved for remand. On July 24, 2019, Judge Hittner granted Defendant Walgreens Boots Alliance, Inc.'s Motion for a Temporary Stay of Proceedings Pending Final Ruling by the Judicial Panel on Multidistrict Litigation. Exhibit 3. In *County of Duval* v. *Purdue Pharma L.P.*, No. 4:19-cv-02504 (S.D. Tex. July 11, 2019)—another identical opioid action removed under CAFA—Judge Hittner similarly granted Defendant CVS's motion for a stay of proceedings pending the JPML's decision on transfer to the Opioid MDL on July 26, 2019. Exhibit 4.

In *County of Angelina* v. *Allergan PLC, et al.*, No. 4:19-cv-03590 (S.D. Tex., Dec. 2, 2019), Judge Hoyt granted CVS and McKesson's joint motion to stay and denied Plaintiffs motion to remand in a case removed under CAFA, federal question, and federal officer grounds. Exhibit 8. Finally, in *Rockwall County* v. *CVS Health Corporation*, No. 4:19-cv-2181 (S.D. Tex. June 17, 2019), Defendants removed based on federal question and CAFA. Despite a pending motion for remand filed by plaintiff, Judge Gilmore administratively closed the case, granting the parties "leave to move to reinstate the case on the Court's active docket *after termination of the MDL 2804 proceedings*." Exhibit 12 (emphasis added). The same approach is

9

warranted here. Because this case is nearly identical to the scores of cases that have been removed and later transferred to the Opiate MDL by the JPML, a brief stay is appropriate.

*Second*, the named defendants in this action are involved in more than 2,600 opioid-related lawsuits across the country. The goal of the Opiate MDL is to consolidate these actions in a single court to "substantially reduce the risk of duplicative discovery, minimize the possibility of inconsistent pretrial obligations, and prevent conflicting rulings on pretrial motions." *In re Nat'l Prescription Opiate Litig.*, 290 F. Supp. at 1379 ; *see also Kentucky* v. *McKesson Corp.*, No. 3:18-cv-00010 (E.D. Ky. Apr. 12, 2018), Dkt. No. 14 at 3 ("Judge Polster has indicated his desire to address motions to remand *collectively* . . . .") (emphasis added) [Exhibit 13]. Permitting this case to proceed on a separate track would frustrate the JPML's creation of the Opiate MDL. Absent a stay, Defendants will be forced to litigate the same issues in multiple courts. Furthermore, proceeding in multiple courts would complicate efforts to coordinate and streamline discovery across the hundreds of similar suits filed by identical plaintiffs across the country. *See Ayers*, 2009 WL 982472, at *1 ("[D]ecisions by the transferee judge would avoid duplicative discovery and conflicting pretrial rulings.").

*Third*, a brief stay will not prejudice any party. If the JPML transfers this case to the Opiate MDL, Plaintiffs will have the opportunity to present their motion to remand to Judge Polster. This will guarantee consistent results with respect to both Plaintiffs and other similarly-situated plaintiffs, as the remand issues will be

10

decided under Sixth Circuit law and will control in all of the Opiate MDL cases that present this identical issue. *In re Silica Prods. Liab. Litig.*, 398 F. Supp. 2d 563, 644 n.128 (S.D. Tex. 2005). Also, in the event that the JPML decides against transferring this case to the Opiate MDL, this Court can hear and decide Plaintiffs' remand motion at that time. *See Halliburton Energy Sers., Inc.,* 2012 WL 149525, at *3 ("If the case is not transferred, this Court will decide the Motion to Remand promptly.").

Because the JPML already has issued a conditional transfer order, Exhibit 9, any delay in the consideration of Plaintiffs' remand motion will be negligible. *See Nguyen*, 2010 WL 3169316, at *1 ("The stay against the remaining Defendants in this case should be in effect for no more than a few weeks."). The JPML is likely to make a final transfer decision in the next few months.[4] Accordingly, any potential prejudice to Plaintiffs from that short delay is far outweighed by the hardships that Defendants would face in the absence of a stay.

In the end, it makes little sense for this Court to depart from the Chief Judge's reasoning in *Jim Hogg* and *Jim Wells* and to undertake to resolve the complex removal issues presented in this case before the JPML has had a chance to render a final transfer decision. Because the jurisdictional issues presented in this case are factually and legally complex, and are identical to jurisdictional issues raised in other cases pending in the Opiate MDL, a temporary stay is warranted.

---

[4] *See* Judicial Panel on Multidistrict Litigation, *Hearing Information*, http://www.jpml.uscourts.gov/hearing-information.

11

## VI. CONCLUSION

For these reasons, Defendant CVS Pharmacy, Inc. respectfully requests that this Court stay all proceedings in this case pending a decision by the JPML whether to transfer this case to the Opiate MDL.

Respectfully submitted,

By:    */s/ David B. Weinstein*
        David B. Weinstein
        State Bar of Texas No. 21096400
        S.D. No. 4329
Attorney-In-Charge
WEINSTEIN TIPPETTS & LITTLE LLP
7500 San Felipe Street, Suite 500
Houston, Texas  77063
Tel:  (713) 244-0800
Fax:  (713) 244-0801
david.weinstein@wtllaw.com

OF COUNSEL:

WEINSTEIN TIPPETTS & LITTLE LLP
Matthew E. Coveler
State Bar No. 24012462
S.D. No. 24130
matthew.coveler@wtllaw.com
Amanda L. Catalani
State Bar No. 24101602
S.D. No. 3299063
amanda.catalani@wtllaw.com

ZUCKERMAN SPAEDER LLP
Conor B. O'Croinin*
M.D. Bar No. 0412150129
Daniel P. Moylan*
M.D. Bar No. 0012130119
J. Michael Pardoe*
M.D. Bar No. 1712140096
100 East Pratt Street, Suite 2440
Baltimore, MD 21202-1031
Tel:  (410) 332-0444
Fax:  (410) 659-0436

cocroinin@zuckerman.com
dmoylan@zuckerman.com
mpardoe@zuckerman.com

*\* Denotes national counsel who will seek pro hac vice admission*

**Attorneys for Defendants CVS Pharmacy Inc. and CVS Health Corporation**

## CERTIFICATE OF SERVICE

In accordance with Rule 5 of the Federal Rules of Civil Procedure and Local Rule 5.3, I certify that this response was served on all parties via the Court's CM/ECF system on January 3, 2020.

<i>/s/ David B. Weinstein</i><br>
David B. Weinstein

## INDEX OF EXHIBITS

| | |
|---|---|
| 1 | Order, *Rockwall County* v. *CVS Health Corporation*, No. 4:19-cv-2181 (S.D. Tex. June 17, 2019), Dkt. No 31 |
| 2 | Order, *County of Walker* v. *Abbott Labs.*, No. 4:19-cv-01767 (S.D. Tex. May 14, 2019) Dkt. No. 83 |
| 3 | Order, *Ellis County* v. *Walgreens Boot Alliance, Inc.*, No. 4:19-cv-02256 (S.D. Tex. July 24, 2019), Dkt. No 29 |
| 4 | Order, *County of Duval* v. *Purdue Pharma L.P.*, No. 4:19-cv-02504 (S.D. Tex. July 11, 2019), Dkt. No. 9 |
| 5 | Order, *County of Jim Hogg* v. *Purdue Pharma, L.P.*, No. 4:19-cv-02816 (S.D. Tex. Sept. 4, 2019), Dkt. No. 11 |
| 6 | Order, *County of Jim Wells* v. *Purdue Pharma, L.P.*, No. 4:19-cv-03580 (S.D. Tex. Oct. 4, 2019), Dkt. No. 8 |
| 7 | Order, *County of Williamson* v. *Walgreens Boots Alliance, et al.*, No. 4:19-cv-03299 (S.D. Tex., Oct. 29, 2019) Dkt. No. 14 |
| 8 | Order, *County of Angelina* v. *Allergan PLC, et al.*, No. 4:19-cv-03590 (S.D. Tex., Dec. 2, 2019), Dkt. No. 16 |
| 9 | Conditional Transfer Order (CTO-128), No. 2804, JPML Dkt. No. 6587 |
| 10 | List of Federal Question Cases |
| 11 | Order, *Johnson County* v. *Purdue Pharma, L.P.*, No. 4:19-cv-01637 (S.D. Tex. May 3, 2019) Dkt. No. 50 |
| 12 | Order, *Fire and Police Retiree Health Care Fund* v. *CVS Health Corporation*, No. 4:19-cv-02089 (S.D. Tex. June 7, 2019) Dkt No. 21 |
| 13 | Order, *Kentucky* v. *McKesson Corp.*, No. 3:18-cv-00010 (E.D. Ky. Apr. 12, 2018), Dkt. No. 14 |