IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| COUNTY OF JIM WELLS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-19-3580 |
| | § | |
| PURDUE PHARMA L.P., *et al.*, | § | |
| | § | |
| Defendants. | § | |

**ORDER**

The removing defendant, CVS, has moved to stay this case until the Judicial Panel on Multidistrict Litigation considers whether to finalize its order transferring this action to the National Prescription Opiate MDL pending in the Northern District of Ohio. (Docket Entry No. 6). The plaintiff, the County of Jim Wells, opposes the stay and moves to remand, arguing that no basis for federal removal is present. (Docket Entry Nos. 3, 5).

On June 14, 2019, the County of Jim Wells filed this petition in the Texas state district court in Jim Wells County. (Docket Entry No. 1-A). The County asserts claims for public nuisance and Texas common law nuisance, common law fraud, negligence, gross negligence, unjust enrichment, civil conspiracy, and relief under the Texas Controlled Substances Act. The County alleges that CVS "contributed to or assisted in creating and maintaining a condition . . . harmful to the health and safety of Jim Wells County residents," and seeks damages and equitable relief for damages and injuries to itself and its residents from the misuse of prescription opioid medications. (Docket Entry No. 1-A at 59, 71).

EXHIBIT 6

The case was transferred from Jim Wells County to the Texas Opioid MDL in the 152nd Judicial District Court of Harris County, Texas. CVS has timely removed, asserting federal question jurisdiction, 28 U.S.C. § 1331, and the Class Action Fairness Act ("CAFA"), 28 U.S.C. §§ 1332(d) and 1453(b), as grounds for federal jurisdiction. (Docket Entry No. 1). The County moved to remand. (Docket Entry No. 5). CVS filed this motion to stay any ruling on the remand motion until the JPML decides whether to transfer the case. (Docket Entry No. 6).

"The pendency of a . . . conditional transfer order . . . before the Panel pursuant to 28 U.S.C. § 1407 does not affect or suspend orders and pretrial proceedings in any pending federal district court action and does not limit the pretrial jurisdiction of that court." J.P.M.L.R.P. 2.1(d). When a motion to remand is pending, many courts determine whether to rule on a motion to remand or to stay until the decision on transfer using the steps set out in *Meyers v. Bayer AG*, 143 F.Supp.2d 1044 (E.D. Wis. 2001). *See* 15 Charles A. Wright & Arthur R. Miller, *Federal Practice & Procedure* § 3866.1 (3d ed. 2007) (citing cases); *see also Curtis v. BP America, Inc.*, 808 F.Supp.2d 976, 978 (S.D. Tex. 2011); *Meinhart v. Halliburton Energy Services, Inc.*, No. H-11-0073, 2011 WL 1463600, at *2 (S.D. Tex. Apr. 4, 2011). Courts determine whether a stay is appropriate by weighing: (1) the judicial resources saved by avoiding duplicative litigation; (2) the hardship to the moving party if a stay is not granted; and (3) the potential prejudice to the nonmoving party if it is granted. *Meyers*, 143 F.Supp.2d at 1049; *see also La. Stadium & Exposition Dist.*, No. 09-235, 09-2738, 2009 WL 926982, at *1 (E.D. La. Apr. 2, 2009).

The first step is to preliminarily assess the jurisdictional issue. A court should remand if its "preliminary assessment suggests that removal was improper." *Id*. "If, on the other hand, the jurisdictional issue appears factually or legally difficult, the . . . second step should be to determine whether identical or similar jurisdictional issues have been raised in other cases that have been or

2

may be transferred to the MDL proceeding." *Id*. The court should allow the transferee court to decide the jurisdictional issues if that would further judicial economy and consistency. *Id*. "Only if the jurisdictional issue is both difficult and similar or identical to those in cases transferred or likely to be transferred should the court proceed to the third step and consider the motion to stay." *Id*.

The pending motion to remand presents factually and legally difficult issues. Other cases consolidated before the MDL transferee court in Ohio present similar removal issues, making a stay appropriate to avoid duplicative litigation of those issues, to improve judicial economy, and to reduce the risk of inconsistent results. The hardship to CVS if a stay is not granted is the exposure to inconsistent results in similar cases, requiring it to engage in duplicative litigation. The potential prejudice to the County if a stay is granted is from delay. That potential for prejudice is reduced by the relatively expeditious pace of the JPML's decisions on transfer. The delay until the JMPL decides whether to transfer will likely be short. If the case is not transferred, this court will decide the motion to remand promptly.

CVS's motion to stay, (Docket Entry No. 6), is granted. The motion to remand, (Docket Entry No. 5), is denied, without prejudice to reassertion.

SIGNED on October 4, 2019, at Houston, Texas.

                                                                Lee H. Rosenthal
                                        Chief United States District Judge