**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
–Houston Division–**

| | |
|---|---|
| DALLAS COUNTY HOSPITAL DISTRICT D/B/A/ PARKLAND HEALTH & HOSPITAL SYSTEM, *et al.*, <br><br> *Plaintiff* <br><br> –v– <br><br> AMNEAL PHARMACEUTICALS, *et al.*, <br><br> *Defendants.* | Case No. 4:19–cv–04834 <br><br> The Honorable Keith P. Ellison |

**OPPOSITION BY DEFENDANT CVS PHARMACY, INC.
TO PLAINTIFFS' MOTION FOR RECONSIDERATION**

Defendant CVS Pharmacy, Inc. ("CVS") submits this opposition to Plaintiffs' Motion for Reconsideration of this Court's Stay of Proceedings and Request for Expedited Consideration.

**Statement of the Nature and Stage of the Proceeding**

The Judicial Panel on Multidistrict Litigation ("JPML") has scheduled this case for a hearing that will take place in 22 days. On March 26, 2020, in Nashville, Tennessee, the seven-member JPML will consider whether to finalize its order transferring this case to the Opiate MDL, which is pending in the United States District Court for the Northern District of Ohio. Plaintiffs have submitted full briefing to the JPML on whether the JPML should transfer this case. And now, after beginning their efforts in this court to avoid the Opiate MDL by filing an ill-advised

7173598.1

motion to strike Defendant's notice of removal, Plaintiffs have again burdened the court and the parties with an equally ill-advised motion for reconsideration of the Court's decision to briefly stay proceedings until the JPML has a chance to act.

Specifically, Plaintiffs seek reconsideration of this Court's January 28, 2020 Memorandum and Order imposing a stay of proceedings until the JPML decides whether to transfer the case to the Opiate MDL. Dkt. No. 47. Plaintiffs have repeated the same basic proposition throughout: that any delay caused by a transfer of this case to the Opiate MDL is a bad thing. But as this court already has explained, Plaintiffs' case will be delayed even if it is eventually remanded to the Texas MDL. And if Plaintiffs believe that the MDL court will not move fast enough for their liking, they can raise that issue with the JMPL (which they have done) or with the MDL court (which other courts have pointed out they may do).

In the end, Plaintiffs have supplied no basis to warrant reopening argument in this court on whether a brief stay is appropriate. Indeed, through their motion to strike, "emergency" motion to remand, opposition to Defendant's motion to stay, motion to vacate the conditional transfer order (filed in the JPML), and now in their motion for reconsideration, Plaintiffs' arguments have not changed. They've produced no new factual evidence, identified no errors in the court's reasoning, and have not pointed to any new authority. In fact, the only relevant new authority does not help Plaintiffs. Several opinions handed down contemporaneously with and since the time of this Court's stay order mirror, and reinforce, this Court's decision to briefly stay this case.

In short, Plaintiffs have generated nothing to warrant reconsideration.

## Statement of the Issues to be Ruled Upon by the Court

There are two issues for this Court: (1) whether to reconsider its January 28, 2020 decision granting a temporary stay of proceedings—notwithstanding Plaintiffs' failure to identify any customary reason do so aside from their dissatisfaction with the result; and (2) if the court decides to reconsider its ruling, whether the court should reverse itself and vacate the existing stay order, despite the fact that the JPML will consider whether to finalize its transfer order in just three weeks.

## Legal Standard

CVS disagrees with Plaintiffs' characterization of the legal standard concerning motions for reconsideration under Rule 54(b) of the Federal Rules of Civil Procedure. First off, motions for reconsideration are disfavored. *FMC Techs., Inc.* v. *OneSubsea IP UK Ltd.*, 2020 WL 242497, at *2 (S.D. Tex., Jan. 16, 2020). Second, although it is true that a trial court has discretion to "reverse its decision for any reason it deems sufficient," *Lavespere* v. *Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 185 (5th Cir. 1990), "this broad discretion must be exercised sparingly in order to forestall the perpetual reexamination of orders and the resulting burdens and delays," *Tolleson* v. *Livingston*, 2014 WL 1386319, at *2 (S.D. Tex., Apr. 9, 2014). In that vein, this Court has cautioned that: "[u]sing an overly generous standard in reviewing motions under Rule 54(b) would reduce judicial efficiency . . . ." *DAC Surgical Partners P.A.* v. *United Healthcare Servs., Inc.*, 2017 WL 3484507, at *2 (S.D. Tex., Aug. 14, 2017).

3

While the standard under Rules 59 and 60 is more exacting, even under Rule 54, "courts have provided the caveat that . . . 'considerations similar to those under Rules 59 and 60 inform the Court's analysis. That is, considerations such as whether the movant is attempting to rehash its previously made arguments . . . bear upon a court's review of a motion for reconsideration under Rule 54(b).'" *DAC Surgical Partners P.A.*, 2017 WL. 3484507, at *2 (quoting *In re ProvideRx of Grapevine, LLC*, 507 B.R. 132, 142 (Bankr. N.D. Tex. 2014)); *see also id.* ("Based on this case law, the Court believes that a standard very similar to Rule 59(e) is appropriate.").

## Argument

"[T]he fact that the Court retains the power to revise interlocutory orders [under Rule 54] does not give parties the right to continuously revisit the same issues." *DAC Surgical Partners P.A.*, 2017 WL. 3484507, at *2. This is what Plaintiffs are doing. Plaintiffs effectively have filed the same brief multiple times in two different courts. In their latest iteration, Plaintiffs raise no arguments that this Court hasn't already considered. In fact, the only developments in Texas and other federal district courts in the one month since the Court issued its stay directly contradict Plaintiffs' position.

### I. Plaintiffs Are Recycling Rejected Arguments.

Plaintiffs' lead argument is that a stay is improper because the case will be transferred to the Opiate MDL where their case will experience delay because Judge Polster has "placed a moratorium on all substantive filings and later amended that moratorium to 'include all motions to remand.'" Pls' Mot. at 3. Plaintiffs first made this argument in their motion to remand. Pls' Mot. to Remand, Dkt. No. 5-1 at 5-6 ("If

4

this Court does not act expeditiously, given that the MDL court has placed a moratorium on all motions to remand, Defendants' delay strategy would work . . . ."). Plaintiffs once again raised this issue in opposing CVS's Motion to Stay. Pls' Opp. to CVS's Mot. to Stay, Dkt. No. 40, at 13 ("In December 2017, soon after the creation of the MDL, the MDL Court issued a moratorium on substantive filings, including remand motions.").

Plaintiffs also made the same argument to the JPML a little more than two weeks ago. JPML Dkt. No. 7076. A comparison shows that Plaintiffs are copying and pasting the same text with minor variations:

| Plaintiffs' Motion for Reconsideration | Plaintiffs' Reply in Support of Their Motion to Vacate Conditional Transfer Order (CTO-128) |
|---|---|
| [T]he federal MDL court has unequivocally indicated that it will not grant them that opportunity. In December 2017, the federal MDL court placed a moratorium on all substantive filings and later expressly amended that moratorium to "include all motions to remand." Eighteen months later, after granting two remands at the request of state court judges, Judge Polster reiterated his commitment to indefinitely postponing remands to state court by reminding all parties: "I will not entertain additional requests of this nature." Because the federal MDL court will not, in fact, consider Plaintiffs' motion . . . . | The MDL court has unequivocally indicated that it will not consider Plaintiffs' motion to remand. In December 2017, that court placed a moratorium on all substantive filings—a moratorium it then amended to "include all motions to remand." Eighteen months later, after granting two remands at the request of state court judges, Judge Polster reiterated his commitment to indefinitely postponing remand to state court by reminding all parties: "I will not entertain additional requests of this nature." Hence, the MDL court will not, in fact, consider Plaintiffs' motion. |

*Id.* (internal citations omitted); JPML Dkt. No. 7076, at 2 (internal citations omitted) (attached as **Exhibit 1**). As CVS pointed out in its Opposition to Plaintiffs' Emergency Motion for Remand, this argument has been rejected by numerous courts, including this one. As the Honorable Harry S. Mattice, Jr. of the United States District Court for the Eastern District of Tennessee observed, "it can hardly be said that months of delay in a case that [will] take years to resolve is likely to yield serious prejudice." *Takoma Reg'l Hosp.* v. *Purdue Pharma, L.P.*, No. 2:19-cv-00157-HSM-CHS (E.D. Tenn., Oct. 4, 2019). Rather, as Judge Mattice observed, delay is "simply the price of uniformity." *Id.*

Plaintiffs also attempt to revisit jurisdictional arguments expanded upon during oral argument. According to Plaintiffs, "CVS has emphasized this case's similarity to other opioid cases [that have transferred to the Opiate MDL from the Southern District of Texas], but, during oral argument . . . CVS went to great lengths to distinguish this case from the two opioid cases that the Southern District of Texas has remanded. CVS cannot have it both ways." Pls' Mot. at 4 (internal citations omitted).

As in oral argument, Plaintiffs continue to miss the point. CVS did not argue that the jurisdictional grounds asserted in the two remanded cases were substantively different from those asserted in this case. Rather, to explain why those cases were remanded, and why nine other cases removed to this court on the same removal grounds were not, CVS pointed out that the petitions in those two cases were barebones and did not make clear that at the heart of the liability theories asserted

6

by plaintiffs in the prescription opioid cases are disputed duties that arise exclusively under federal law.[1] *Bd. of Comm'rs of Se. La. Flood Prot. Auth. E.* v. *Tenn. Gas Pipeline Co.* (hereinafter, "*Louisiana Flood*"), 850 F.3d 714, 722-23 (5th Cir. 2017) (federal question necessarily raised where negligence and public nuisance claims relied on the court's interpretation of the scope of a duty of care grounded exclusively in federal law), *cert. denied*, 138 S. Ct. 420 (2017).

The petition in *Johnson County* v. *Purdue Pharma*, 4:19-cv-01637 (S.D. Tex., May 3, 2019), for instance, did not betray its federal law grounding. The petition was a mere 96 paragraphs and occupied only 30 pages. Plaintiffs' petition, by contrast, is replete with references to federal law, and makes clear that the complaints in the prescription opioid litigation draw on federal law as the exclusive basis for holding defendants liable for violating certain duties that Plaintiffs contend arise exclusively federal law. Plaintiffs' petition, after all, weighs in at 326 pages and 1134 paragraphs. It contains 441 *footnotes*. A review of the relatively terse complaints in *Johnson County* and *San Antonio* does not make clear that Plaintiffs in the prescription opioid cases rely on a mix of federal and state duties, and that certain of those duties which go to the heart of their liability theory are vigorously disputed and could be based exclusively on federal law—thereby rendering those cases removable on federal question grounds.

---

[1] Following the JPML's January 30, 2020 hearing, the JPML transferred two more cases to the Opiate MDL that originated in the Southern District of Texas—*County of Angelina* v. *Allergan PLC, et al.*, No. 4:19-cv-03590 (S.D. Tex.) and *County of Burleson* v. *Walmart Inc., et al.*, No. 4:19-cv-03845 (S.D. Tex.). That brings the total number of cases that have been stayed or transferred to the Opiate MDL from the Southern District of Texas to *nine*. *See* CVS's Mot. to Stay., Dkt. No. 34-1, at 2 (describing other Texas state opioid cases that were removed on similar grounds and transferred to the Opiate MDL).

Although CVS continues to believe that Plaintiffs' allegations in the *Johnson County* and *San Antonio* cases supported grounds for removal, Plaintiffs' petitions in the nine cases transferred from this court contain far more detail about the exclusively federal duties on which Plaintiffs here and in those cases are based.

In short, Plaintiffs' claims of prejudice and jurisdictional arguments are no more persuasive this time around.

## II. This Case Would Be Stayed In The Texas MDL Anyway.

Even if Judge Polster were to remand this case to the Texas MDL, this case will be stayed for years anyway. Plaintiffs take issue with CVS's assertion at oral argument that "Plaintiffs would suffer no prejudice because the Texas MDL was only proceeding with a couple of bellwether cases." Pls' Mot. at 6. According to Plaintiffs, this is "a tautology" since "Plaintiffs are not part of the pending bellwethers because they have been removed and cannot apply for that designation." *Id.* (emphasis in original). But Plaintiffs elide the fact that the current bellwethers were chosen long before Plaintiffs filed this case. Those bellwethers are now deep into discovery and are scheduled for trial in April 2021. Under no circumstances will Plaintiffs' case be tried before April 2021. And the chances that Plaintiffs' case—an action brought in large part by for-profit enterprises who are not representative of the other forty or so municipal plaintiffs whose cases are pending in the Texas MDL will be designated as a future bellwether are slim to none. In all likelihood, Plaintiffs' case would be stayed for years to come, just like all other non-bellwether cases that are pending in the Texas MDL.

For this additional reason—as this court already has determined—even a lengthy delay in the Opiate MDL will create no prejudice to Plaintiffs. Delay in a single case is not the prejudicial evil that Plaintiffs' claim; it is simply how MDLs work.

### III. Recent Authority Confirms That A Stay Was Necessary.

Plaintiffs have brought no new authority to this Court's attention. For good reason: recent stay orders from around the country support this Court's imposition of a brief stay. On January 27, 2020—one day before a stay was granted in this case—Judge Van Tatenhove of the United States District Court for the Eastern District of Kentucky stayed two cases removed under the same federal question grounds at issue here as well as under the Class Action Fairness Act. Despite vigorous remand motions, the court stayed both actions "pending the final decision of the JPML of whether to transfer the cases to the Opiate MDL]." *City of Henderson, et al.* v. *Purdue Pharma L.P., et al.*, No. 3:19-cv-00067-GFVT, Dkt. No. 149 (E.D. Ky., Jan. 27, 2020); *Hardin County Fiscal Court, et al.*, v. *Purdue Pharma L.P., et al.*, No. 3:19-cv-00068, Dkt. No. 150 (E.D. Ky., Jan. 27, 2020) (attached as **Exhibits 2 and 3**).

Like this court, Judge Van Tatenhove followed the approach set out in *Meyers* v. *Bayer AG*, 143 F. Supp. 2d 1044, 1047 (E.D. Wis. 2001), which requires courts to "make[] a preliminary assessment of jurisdiction." Mem. at 5. Judge Van Tatenhove explained that "whether Plaintiffs' underlying theory of liability is in fact based on legal duties arising under the federal Controlled Substances Act, 21 U.S.C. § 1331" raises issues that are complex and "clearly similar to the types of jurisdictional issues

9

that the MDL court has before it already or is likely to encounter." *Id*. at 7 (internal citations omitted).

Judge Van Tatenhove next determined that the "sheer number of related cases, many of which also involve the same jurisdictional issues, weighs in favor of a stay in the interests of judicial economy." *Id*. The Court also found that a stay was necessary because the "parties presumably are making similar arguments before the JPML already, and those arguments are currently being considered by a body possessing the advantage of familiarity with the facts and legal issues of hundreds of other related cases." *Id*. at 8. "To deny the stays and definitively rule on the remand motions at this juncture would needlessly duplicate and waste judicial resources." *Id*.

Judge Van Tatenhove's opinion aligns with the majority view of this Court, favoring a brief stay of proceedings given the "factually and legally difficult issues" presented, and the similarity of those issues to the issues presented in scores of cases that are currently pending in the Opiate MDL. *E.g., County of Jim Hogg* v. *Purdue Pharma L.P., et al.*, No. 4:19-cv-02816 (S.D. Tex., Sept. 4, 2019) (C.J. Rosenthal). This case is no different. And Plaintiffs are unable to distinguish Judge Van Tatenhove's decisions in either *Henderson* or *Hardin*.

Another opioid case that was removed to the United States District Court for the District of New Mexico—*City of Santa Fe* v. *Purdue Pharma L.P.*, 1:19-cv-01105-KG-JHR (D.N.M. Feb. 11, 2020)—was stayed on February 11, 2020. Although the case was removed on different grounds (fraudulent misjoinder), the plaintiff in that case made the same argument that Plaintiffs have repeatedly made here: that a stay

10

is to be avoided because Judge Polster will "indefinitely delay ruling on the pending Motion to Remand." *Id*. Dkt. No. 30 (attached as **Exhibit 4**). The Court in *Santa Fe* rejected that argument, "acknowledg[ing] that Plaintiff will endure some delay in obtaining a ruling on the Motion to Remand" but observing that "despite the moratorium, the MDL District Judge is open to adopting an efficient procedure for addressing motions to remand." *Id*. The same response applies here.

What is more, *Bowling Green-Warren County Community Hospital Corporation, et al.* v. *Purdue Pharma L.P.*, 1:19-cv-00148 (W.D. Ky.)—a nearly identical hospital action that Defendant Walmart removed on federal question grounds—was also recently transferred to the Opiate MDL. *Id*. Dkt. No. 99. The Court there opted not to rule on either Plaintiffs' motion to remand or Defendants' motion to stay, thereby allowing the JPML to consider and finalize its conditional transfer order in that case at its January 2020 hearing.

These decisions, which have emerged in the four weeks since a stay was issued in this case adds to the weight of authority supporting a stay. After all, most courts to consider the issue have likewise determined that a stay is appropriate in order to allow the JPML a brief period of time to decide whether the case belongs in the Opiate MDL. These new cases serve as further evidence that this Court's January 28 stay order was thorough and correct. Accordingly, Plaintiffs' request that the Court reconsider its stay order should be denied. In the event that the court decides to reconsider its stay order, the new cases that CVS has brought to the Court's attention

11

demonstrate that the court should once again issue a brief stay until the JPML's March 26 hearing.

## CONCLUSION

For these reasons, CVS respectfully requests that this Court deny Plaintiffs' Motion for Reconsideration.

Date: March 4, 2020

Respectfully submitted,

By: */s/ David B. Weinstein*
David B. Weinstein
Texas Bar No. 21096400
S.D. No. 4329
Attorney-In-Charge
WEINSTEIN TIPPETTS & LITTLE LLP
7500 San Felipe Street, Suite 500
Houston, Texas 77063
Tel: (713) 244-0800
Fax: (713) 244-0801
david.weinstein@wtllaw.com

Of Counsel:

WEINSTEIN TIPPETTS & LITTLE LLP
Matthew E. Coveler
State Bar No. 24012462
S.D. No. 24130
matthew.coveler@wtllaw.com
Amanda L. Catalani
State Bar No. 24101602
S.D. No. 3299063
amanda.catalani@wtllaw.com

ZUCKERMAN SPAEDER LLP
Conor B. O'Croinin
(Admitted *pro hac vice*)
100 East Pratt Street, Suite 2440
Baltimore, MD 21202-1031
(410) 332-0444
(410) 659-0436 (fax)
cocroinin@zuckerman.com

12

*Attorneys for Defendants CVS Pharmacy, Inc. and CVS Health Corporation*

## Certificate of Service

In accordance with Rule 5 of the Federal Rules of Civil Procedure and Local Rule 5.3, I certify that this response was served on all parties via the Court's CM/ECF system on March 4, 2020.

*/s/ David B. Weinstein*
David B. Weinstein